1

2

3

4

5

6

7

The Honorable Robert S. Lasnik

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

PAUL O'BEIRNE, an individual,

11

Plaintiff,

12

v.

13

TROY STAFFORD, an individual,

14

Defendant.

No. 2:15-cv-01330-RSL

PAUL O'BEIRNE'S MOTION FOR
DEFAULT JUDGMENT AGAINST
TROY STAFFORD

NOTE ON MOTION CALENDAR:
**December 9, 2016**

15

16

## I.     INTRODUCTION

17

Plaintiff Paul O'Beirne ("O'Beirne") moves for entry of default judgment against

18

defendant Troy Stafford ("Stafford").  On October 20, 2016, the Court entered default

19

against Stafford, *see* Order Directing Entry of Default (Dkt. No. 38); Order of Default (Dkt.

20

No. 39), and directed O'Beirne to file this Motion for Default Judgment by November 19,

21

2016.  *See* Order Directing Entry of Default at 2.  As a result of Stafford's default, the

22

allegations in O'Beirne's Complaint (Dkt. No. 1) are taken as true.  All that remains is for

23

the Court to award damages and other relief pursuant to Fed. R. Civ. P. 55(b)(2) and LCR

24

55(b).

25

For the reasons set forth below, the Court should enter default judgment against

26

Stafford on O'Beirne's claim that Stafford breached a loan agreement by failing to repay

PAUL O'BEIRNE'S MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 1

YARMUTH WILSON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

that loan and the interest accrued upon it.  In that default judgment, the Court should award the damages O'Beirne has suffered as a result of Stafford's breach of the loan agreement.

## II.        STATEMENT OF FACTS

### A.        The O'Beirne-Stafford Loan

On or about June 14, 2010, O'Beirne and Stafford entered a written agreement under which O'Beirne lent Stafford $350,000.00.  Complaint ¶ 6; Declaration of Paul O'Beirne in Support of Motion for Default Judgment Against Troy Stafford ("O'Beirne Decl.") ¶ 2.  Under that agreement, Stafford agreed to repay to O'Beirne the $350,000.00 lent plus (a) 10,000 shares of Miller Petroleum, Inc., and (b) if at the time of repayment the value of Miller Petroleum was less than $5.50 per share, $100.00 for every cent Miller Petroleum was valued less than $5.50 per share.  Complaint ¶ 6; O'Beirne Decl. ¶ 3 & Ex. 1.  In other words, Stafford agreed to repay to O'Beirne the principal amount of $350,000.00 plus $55,000.00 in cash or stock (or some combination thereof) for a total amount of $405,000.00.  Complaint ¶ 6; O'Beirne Decl. ¶ 3.

Under the agreement, Stafford was required to pay the $350,000.00 in principal loaned to him and the $55,000.00 in cash or stock (or some combination thereof) by September 21, 2010.  Complaint ¶ 6; O'Beirne Decl. ¶ 3.  Stafford failed timely to repay any of the principal or interest.  Complaint ¶ 8; O'Beirne Decl. ¶ 4.

In October of 2010, O'Beirne and Stafford entered a subsequent agreement regarding O'Beirne's loan to Stafford.  Complaint ¶ 9; O'Beirne Decl. ¶ 5.  Under that subsequent agreement, Stafford was to pay an additional $20,500.00 for every month the original loan remained unpaid after September 21, 2010.  Complaint ¶ 9; O'Beirne Decl. ¶ 5 & Ex. 2.

The only payment Stafford has ever made to O'Beirne is a single $10,000.00 payment in May of 2014.  Complaint ¶ 9; O'Beirne Decl. ¶ 6.  As of December 1, 2016, Stafford will owe O'Beirne $1,932,500.00.  O'Beirne Decl. ¶ 6 & Ex. 3.

PAUL O'BEIRNE'S MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 2

YARMUTH  WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1

**B.      Procedural History**

2        Following Stafford's repeated promises to pay O'Beirne—and his inevitable

3  breaking of those promises—O'Beirne filed his complaint against Stafford on August 19,

4  2015.  Complaint (Dkt. No. 1).  Stafford was served with the summons and complaint at

5  his home in Irving, Texas, on August 26, 2015.  Affidavit of Service (Dkt. No. 3).

6  Stafford appeared by counsel on September 16, 2015.  Notice of Appearance (Dkt. No. 5).

7  Stafford answered O'Beirne's Complaint in January of 2016, *see* Answer and Affirmative

8  Defenses (Dkt. No. 10), but his counsel moved to withdraw shortly thereafter, and the

9  withdrawal was approved by this Court in mid-April.  *See* Motion for Leave to Withdraw

10  (Dkt. No. 14); Order Allowing Withdrawal (Dkt. No. 15).

11        Following Stafford's counsel's withdrawal, O'Beirne's counsel attempted to obtain

12  discovery from Stafford.  *See* Declaration of Jeremy Roller in Support of Plaintiff Paul

13  O'Beirne's Motion to Compel (Dkt. No. 27).  Those efforts were unsuccessful, and this

14  Court ultimately granted O'Beirne's Motion to Compel.  *See* Order Granting Plaintiff Paul

15  O'Beirne's Motion to Compel (Dkt. No. 29).  In that Order, the Court ordered Stafford to

16  provide complete responses to O'Beirne's discovery requests and advised that Stafford's

17  failure to answer that discovery or appear for deposition could subject Stafford to

18  sanctions, including judgment against him.  *Id.*

19        After Stafford failed to provide discovery as ordered by the Court and failed to

20  appear for a properly noticed deposition, O'Beirne moved for sanctions and entry of

21  default against Stafford.  *See* Paul O'Beirne's Motion for Sanctions and Entry of Default

22  (Dkt. No. 34).  On October 20, 2016, this Court directed entry of default against Stafford

23  and ordered O'Beirne to file a motion for default judgment within 30 days.  *See* Order

24  Directing Entry of Default (Dkt. No. 38).

25

26

PAUL O'BEIRNE'S MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 3

YARMUTH WILSON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

### III.   ARGUMENT

**A.   The Allegations of the Complaint, Except Those Relating to the Amount of Damages, are Taken as True**

As a result of Stafford's default, the factual allegations of the Complaint, except those relating to the amount of damages, are taken as true. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Ordinarily, the default itself establishes a defendant's liability. *Id.* at 917.

**B.   The *Eitel* Factors Favor Entry of Default Judgment Against Stafford**

The Ninth Circuit has enumerated the following factors that the Court should consider in determining whether to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Application of these factors here shows that default judgment should be entered against Stafford.

Under the first *Eitel* factor, the Court must consider whether O'Beirne will be prejudiced if entry of a default judgment is denied. *See id.* O'Beirne would be severely prejudiced if the Court were to deny entry of default judgment, as he has no other way to recover the principal and interest Stafford agreed to repay him. *See Microsoft Corp. v. Lopez*, No. C08-1743-JCC, 2009 WL 959219, at *2 (W.D. Wash. Apr. 7, 2009) ("[Plaintiff] would suffer prejudice if the default judgment is not entered because [Plaintiff] would be without other recourse of recovery . . . .").

In analyzing the second and third factors, the Court determines whether O'Beirne has "adequately pled its substantive claim . . . in [his] Complaint." *Microsoft*, 2009 WL 959219, at *3. "The elements of a breach of contract claim are: (1) the existence of a valid contract, (2) breach of that contract, and (3) damages resulting from the breach." *Karpenski*

PAUL O'BEIRNE'S MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 4

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1   *v. American General Life Companies, LLC*, 999 F. Supp. 2d 1235, 1250 (W.D. Wash.

2   2014).  Here, O'Beirne has plainly pled all elements of a breach of contract claim:

3         (1)      The loan agreement was a valid contact, including offer, acceptance and

4                  consideration.  *See* Complaint ¶¶ 6, 13.

5         (2)      Stafford breached the contract by failing to repay the loan.  *See* Complaint ¶¶

6                  8, 14.

7         (3)      O'Beirne was damaged by that breach.  *See* Complaint ¶¶ 10-11, 16.

8   Accordingly, the allegations in the Complaint are sufficient to show that Stafford breached

9   the loan agreement with O'Beirne.  *See also* O'Beirne Decl. ¶¶ 2-6.  Indeed, in the brief

10  period that Stafford participated in this litigation, he admitted that he failed to repay the

11  loan.  *See* Answer (Dkt. No. 10) ¶ 8.

12        The fourth *Eitel* factor addresses "the amount of money at stake in relation to the

13  seriousness of Defendant's conduct."  *Microsoft*, 2009 WL 959219, at *3 (internal

14  quotations and citations omitted).  This factor might disfavor default judgment if the

15  seriousness of the defendant's conduct were slight, but the amount of money at stake was

16  significant.  Here, however, Stafford appears willfully to have avoided his obligations to

17  O'Beirne.  Indeed, Stafford's conduct in this litigation constituted of little more than

18  obfuscation and delay, including failing to abide by his discovery obligations, breaking his

19  commitments to provide discovery, promising yet failing to retain counsel, threatening (and

20  apparently failing) to file for bankruptcy protection, failing to appear at times he requested

21  for telephone conferences, and failing to appear for his deposition.  *See generally*

22  Declaration of Jeremy Roller in Support of Motion to Compel (Dkt. No. 27); Declaration of

23  Jeremy Roller in Support of Motion for Sanctions and for Entry of Default (Dkt. No. 35).

24        For the fifth *Eitel* factor, the Court assesses the possibility of a dispute concerning

25  material facts.  *Eitel*, 782 F.2d at 1471-72.  As noted above, because the Court has entered

26  Stafford's default, all factual allegations are taken as true except those relating to damages.

PAUL O'BEIRNE'S MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 5

*See TeleVideo Sys.*, 826 F.2d at 917-18.  Here, Stafford has admitted that he failed to repay the loan.  *See* Answer (Dkt. No. 10) ¶ 8.  And Stafford's repeated failures to engage in discovery have prevented O'Beirne from determining what, if anything, Stafford believes should prevent O'Beirne from obtaining the relief he seeks in this action.  Accordingly, this factor weighs in favor of default judgment.  *See Microsoft*, 2009 WL 959219, at *3 ("Defendant's silence supports the Court's finding that it is unlikely that genuine issues exist as to any material facts.").

The sixth factor—whether the default was due to excusable neglect—plainly favors entry of default judgment.  Stafford was validly served with the summons and complaint.  *See* Affidavit of Service (Dkt. No. 3).  Stafford even answered the Complaint.  *See* Answer (Dkt. No. 10).  But Stafford apparently decided that O'Beirne's case against him was so strong that his best course was to stick his head in the sand and ignore it.  Indeed, Stafford went one step further—repeatedly committing to act, yet failing to do so.  *See* Roller Declarations (Dkt. Nos. 27, 32).  There simply is no evidence that Stafford's default is due to excusable neglect.  Accordingly, the sixth *Eitel* factor favors default judgment.

The final *Eitel* factor looks to whether, in light of the policy favoring decisions on the merits, entry of default judgment is nonetheless appropriate.  *See Microsoft*, 2009 WL 959219, at *3.  That policy does not bar entry of default judgment, particularly where (as here) the remaining factors favor default judgment.  Courts have recognized that "the mere existence of Fed. R. Civ. P. 55(b) indicates that this *Eitel* factor is not alone dispositive." *Id.* (internal quotations and citations omitted).  In this case, Stafford has been given every opportunity to appear and contest the complaint on the merits, but has elected to ignore his obligations and instead default.  *See* Order Granting Motion to Compel (Dkt. No. 29); Order Directing Entry of Default (Dkt. No. 38).  Although disposition of claims on their merits is encouraged, entry of default judgment is committed to the discretion of the trial court.

PAUL O'BEIRNE'S MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 6

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1  *Microsoft*, 2009 WL 959219, at *2 (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

2  1980)).

3       As set forth above, all of the other *Eitel* factors favor entry of default judgment.

4  Such judgment should be entered here.

5  **C.    O'Beirne is Entitled to Damages from Stafford's Breach of Contract**

6       When the amount of damages alleged is not for a sum certain, the Court determines

7  damages pursuant to Fed. R. Civ. P. 55(b)(2).  *Geddes v. United Fin. Group*, 559 F.2d 557,

8  560 (9th Cir. 1977).  As described above, and as admitted in Stafford's answer, it is

9  undisputed that Stafford failed to pay O'Beirne the $405,000.00 to which he was entitled on

10  September 21, 2010.  The only question for the Court is to determine whether (a) to enforce

11  the re-negotiated contract to which O'Beirne and Stafford agreed after Stafford's failure to

12  timely pay, and if not, whether (b) to apply prejudgment interest under Washington law

13  (12%), or (c) to apply prejudgment interest under Alaska law (4%).

14      **1.    The Court Should Award O'Beirne $1,932,500.00**

15       As described above and as set forth in the Complaint and the O'Beirne Declaration,

16  following Stafford's failure to pay the $405,000.00 due on September 21, 2010, O'Beirne

17  and Stafford negotiated a renewed agreement for the terms under which Stafford would

18  repay O'Beirne.  In short, the parties agreed that Stafford would pay an additional

19  $20,500.00 for every month after September 21, 2010, that the loan was not repaid.

20  Complaint ¶ 9; O'Beirne Decl. ¶ 5 & Ex. 2.  Given Stafford's default, the allegation that

21  O'Beirne and Stafford renegotiated the loan—and that the newly negotiated agreement is

22  enforceable—is now taken as true. *TeleVideo Systems*, 826 F.2d at 917-18; *Pendleton*

23  *Flour Mills, LLC v. Garlic Jim's Famous Gourmet Pizza*, No. C13-1987RAJ, 2014 WL

24  30338, at *1 (W.D. Wash. Jan. 3, 2014).  And O'Beirne has submitted testimony regarding

25  the amount of damages to which he is entitled due to Stafford's breach of that renegotiated

26

YARMUTH WILSON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

agreement, specifically $1,932,500.00 as of December 1, 2016.  *See* O'Beirne Decl. ¶ 5 & Ex. 2.

O'Beirne acknowledges, as he must, that the original loan agreement provides, under a heading entitled "Waiver and Amendments," that "[n]o Amendment, modification, or waiver of, or consent with respect to, any provision of this Agreement or the Note shall be effective unless it shall be in writing and signed and delivered by the parties."  O'Beirne Decl. Ex. 1 ¶ 4(a).  However, that provision should not bar O'Beirne's recovery of the renegotiated amount for three reasons.

First, Stafford's default precludes him from challenging O'Beirne's allegation that this renegotiation was valid.  *TeleVideo Systems*, 826 F.2d at 917-18.  Although the validity of the renegotiation affects the amount of damages to which O'Beirne is entitled, now that Stafford has defaulted the effectiveness of the renegotiated terms is established.  Stafford had the opportunity—indeed multiple opportunities—to appear and defend this case and, should he believe the renegotiation was invalid, argue accordingly.  He did not do so.[1]

Next, uncontroverted evidence shows that Stafford and O'Beirne agreed upon these terms.  O'Beirne proposed additional monthly interest in the amount of $20,500.  O'Beirne Decl. ¶ 5 & Ex. 2.  One week later, Stafford wrote back to O'Beirne, purporting to attach an addendum to the agreement, writing "I believe it [the addendum] meets all requirements" *i.e.*, the $20,500 additional monthly interest.  *Id.*  This writing shows that the parties agreed upon the new terms, and it would be unjust for the lack of a signature to preclude this recovery.

---

[1] Because Stafford has failed to participate in this litigation, O'Beirne and this Court have no idea whether he would challenge the effectiveness of the renegotiation.  It is possible, however, that Stafford would not challenge its effectiveness, as the implied rate of return in the original agreement was 84%.  *See* O'Beirne Decl. ¶ 7.  Had that interest rate applied following Stafford's failure to repay, he would currently owe over $10 million.  *Id.* ¶ 7 & Ex. 4.



1   Third and finally, Stafford waived the requirement that an amendment be signed.

2   *Cf. Sherman v. Lunsford*, 44 Wn. App. 858, 862 & n.3 (1986) (waiver of integration

3   clause).

4   For all of these reasons, the Court should award O'Beirne $1,932,500.00.

5       **2.**    **If the Court Declines to Award O'Beirne Damages Based upon the Renegotiated Agreement, the Court Should Award $405,000.00 plus**

6   **Prejudgment Interest Under Washington Law**

7   If the Court disagrees with the analysis set forth in Section III.C.1, *supra*, the Court

8   should award O'Beirne the amount due on September 21, 2010 (the date of the breach) plus

9   prejudgment interest at a rate of 12%.

10   "In diversity actions brought in federal court a prevailing plaintiff is entitled to pre-

11   judgment interest at state law rates." *MKB Constructors v. American Zurich Ins. Co.*, 83 F.

12   Supp. 3d 1078, 1081 (W.D. Wash. 2015) (quoting and citing *Onink v. Cardelucci*, 285 F.3d

13   1231, 1235 (9th Cir. 2002); *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155

14   (9th Cir. 1988)). Under Washington law, prejudgment interest is available where the

15   amount claimed is "liquidated." *Car Wash Enters., Inc. v. Kampanos*, 74 Wn. App. 537,

16   548 (1994). "A 'liquidated' claim is one 'where the evidence furnishes data which, if

17   believed, makes it possible to compute the amount with exactness, without reliance on

18   opinion or discretion." *Id.* (quoting *King Cy. v. Puget Sound Power & Light Co.*, 70 Wn.

19   App. 58, 61 (1993)). Further, prejudgment interest is allowable under Washington law

20   "when the amount of an 'unliquidated' claim is for an amount due upon a specific contract

21   for payment of money and the amount due is determinable by computation with reference

22   to a fixed standard contained in the contract, without reliance on opinion or discretion."

23   *Jaco Environmental, Inc. v. Am. Int'l Specialty Lines Ins. Co.*, No. 2:09-cv-0145 JLR, 2009

24   WL 1591340, at *8 (W.D. Wash. May 19, 2009) (citing *Prier v. Refrigeration Eng'g Co.*,

25   72 Wn. 2d 25 (1968)).

26

PAUL O'BEIRNE'S MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 9

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1    If this Court does not enforce the contractual modification described above, it is

2    plain that O'Beirne's claim was for the liquidated or calculable amount of $405,000.00 as

3    of September 21, 2010, the date that Stafford was obligated to repay to O'Beirne the

4    $350,000.00 in principal plus cash or stock (or some combination thereof) in the amount of

5    $55,000.00.  "Prejudgment interest runs from the date the claim arose until judgment is

6    entered."  *USA Gateway Travel, Inc. v. GEL Travel, Inc.*, No. C06-053JLR, 2006 WL

7    3761359, at *5 (W.D. Wash. Dec. 20, 2006) (citing *Hansen v. Rothaus*, 730 P.2d 662, 665

8    (Wash. 1986)).

9    Under Washington law, prejudgment interest on a breach of contract claim accrues

10   at an annual rate of 12%.  *See* RCW 4.56.110; RCW 19.52.020(1); *see also Reynold Metals*

11   *Co. v. Alcan Inc.*, No. C04-0175RJB, 2006 WL 1806186, at *2 (W.D. Wash. June 29,

12   2006).  Applying a 12% annual rate (compounded monthly), O'Beirne should be awarded

13   $834,491 in damages.  *See* O'Beirne Decl. ¶ 5 & Ex. 5.

14   O'Beirne acknowledges, as he must, that the loan agreement provides that it "shall

15   be governed by the laws of the State of Alaska.  Venue for any actions arising out of this

16   Agreement shall be in Anchorage, Alaska."  O'Beirne Decl. Ex. 1 ¶ 4(f).  However, this

17   Court should disregard that provision, as Stafford waived it.  *See* Answer (Dkt. No. 5)

18   (admitting that venue is proper in the Western District of Washington).

19      **3.    If the Court Declines to Award O'Beirne Damages Based upon the**
             **Renegotiated Agreement or $405,000.00 plus Prejudgment Interest**
20           **Under Washington Law, the Court Should Award $405,000.00 plus**
             **Prejudgment Interest Under Alaska Law**
21

22   If the Court disagrees with the analysis set forth in Sections III.C.1 and III.C.2,

23   *supra*, the Court should award O'Beirne the amount due on September 21, 2010 (the date of

     the breach) plus prejudgment interest at the rate set by Alaska law, which is currently 4%.
24
     Alaska law provides:
25

26   [T]he rate of interest on judgments and decrees for the payment of money,
     including prejudgment interest, is three percentage points above the 12th

PAUL O'BEIRNE'S MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 10

YARMUTH WILSON PLLC

Federal Reserve District discount rate in effect on January 2 of the year in which the judgment or decree is entered, except that a judgment or decree founded on a contract in writing, providing for the payment of interest until paid at a specified rate not exceeding the legal rate of interest for that type of contract, bears interest at the rate specified in the contract if the interest rate is set out in the judgment or decree.

Alaska Stat. § 09.30.070(a).

As of January 2, 2016, the discount rate in the 12th Federal Reserve District was 1%. O'Beirne Decl. ¶ 9. Accordingly, the prejudgment interest rate under Alaska law currently is 4%.

Applying a 4% annual rate (compounded monthly), O'Beirne should be awarded $507,485 in damages. *See* O'Beirne Decl. ¶ 6 & Ex. 6.

## IV.   CONCLUSION

For the foregoing reasons, O'Beirne seeks entry of judgment against Stafford in one of the three amounts set forth above, as determined by this Court. A proposed order is submitted herewith.

DATED: November 18, 2016

**YARMUTH WILSDON PLLC**

By: */s/ Jeremy E. Roller*
   Jeremy E. Roller, WSBA No. 32021
   Cristin Kent Aragon, WSBA No. 39224
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
206.516.3800
206.516.3888 (facsimile)
jroller@yarmuth.com
caragon@yarmuth.com

Attorneys for Plaintiff Paul O'Beirne

PAUL O'BEIRNE'S MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 11

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

## <u>CERTIFICATE OF SERVICE</u>

1

2
     I hereby certify that on this date, I placed in the U.S. Mail, postage prepaid, a copy

3
of the foregoing document addressed to the following:

4
Troy Stafford                               Troy Stafford
15560 N. Frank Lloyd Wright Blvd.         4020 N. MacArthur Blvd., Ste. 122

5
Suite B4-299                             Irving, TX 75038-6422
Scottsdale, AZ  85260

6

7
     I also emailed the foregoing document to the following email addresses:

8
tstafford4@icloud.com

9
troy@gscapital.us

10

11
     I declare under penalty of perjury under the laws of the State of Washington that the

12
foregoing is true and correct.

13

14
     DATED:  November 18, 2016 at Seattle, Washington.

15
                              */s/ Sue Stephens*

16
                              Sue Stephens, Legal Assistant

17

18

19

20

21

22

23

24

25

26


PAUL O'BEIRNE'S MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 12

735.01 qk061501 11/18/16


YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888