The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL O'BEIRNE, an individual,

Plaintiff,

v.

TROY STAFFORD, an individual,

Defendant.

No. 2:15-cv-01330-RSL

DECLARATION OF PAUL O'BEIRNE IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST TROY STAFFORD

NOTE ON MOTION CALENDAR: **December 9, 2016**

Paul O'Beirne declares as follows:

1.      I am the plaintiff in the above-captioned lawsuit.  I make this declaration upon personal knowledge and, if called to testify, could and would testify competently to the facts set forth herein.

2.      On or about June 14, 2010, I entered a written agreement with defendant Troy Stafford ("Stafford") under which I agreed to lend Stafford $350,000.00.  A true and correct copy of that agreement is attached hereto as **Exhibit 1**.  (The attached agreement is signed only by Stafford.  I have been unable to locate my copy of the agreement countersigned by me.  I did, however, sign the agreement and fax it to Stafford.)  On or about June 14, 2010, I did lend Stafford $350,000.00.

DECLARATION OF PAUL O'BEIRNE IN
SUPPORT OF MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 1

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

3.      Under the agreement Stafford agreed to repay to me $350,000.00 plus (a) 10,000 shares of Miller Petroleum, Inc., and (b) if at the time of repayment the value of Miller Petroleum, Inc. was less than $5.50 per share, $100.00 for every cent Miller Petroleum was valued less than $5.50 per share.  In other words, Stafford agreed to repay to me the principal amount of $350,000.00 plus $55,000.00 in cash or stock (or some combination thereof) for a total amount of $405,000.00.  Under the agreement Stafford was required to pay this amount to me by September 21, 2010.

4.      Stafford failed to repay any of the $350,000.00 in principal I loaned to him or the $55,000.00 in cash or stock (or some combination thereof) by September 21, 2010.

5.      On October 20, 2010, Stafford sent a proposed addendum to the loan agreement to me via email.  I did not agree to that proposed addendum.  However, in a series of emails, Stafford and I negotiated a re-structuring of the original agreement.  Under that restructured agreement Stafford agreed to pay an additional $20,500.00 for every month the original loan remained unpaid after September 21, 2010.  I set forth that proposal in an email to Stafford on October 22.  Stafford wrote back to me by email asking that I "[p]lease see attached addendum" and that "I [Stafford] believe it meets all requirements and should be seen as fair for all involved."  However, Stafford failed to attach the addendum.  I emailed him immediately after receiving his email and told him that no addendum was attached.  He promptly wrote back, "Crap[.]  I will resend when I get back to house.  Less than an hour."  Stafford never sent the addendum.  Attached hereto as **Exhibit 2** is a true and correct copy of the October 20, 2010 to October 29, 2010 email string referenced in this paragraph.

6.      The only payment Stafford ever made to me was $10,000.00 in May of 2014.  I have tracked the amount Stafford owes me on a spreadsheet.  A true and correct copy of that spreadsheet is attached hereto as **Exhibit 3**.  As indicated on the spreadsheet, as of December 1, 2016, Stafford will owe me $1,932,500.00.

DECLARATION OF PAUL O'BEIRNE IN
SUPPORT OF MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 2

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

7.      As indicated in Paragraph 3, under our original loan agreement Stafford agreed to pay $405,000.00 sixty-eight (68) days after the loan of $350,000.00.  That return is the equivalent of an annualized interest rate of approximately 84%.  Attached hereto as **Exhibit 4** is a true and correct copy of a spreadsheet calculating what Stafford would owe as of December 1, 2016, if an 84% interest rate applied to the loan.  If an 84% interest rate applied to the loan, $10,317,574 would be due as of December 1, 2016.

8.      I understand that the prejudgment interest rate under Washington law is 12%.  Attached hereto as **Exhibit 5** is a true and correct copy of a spreadsheet calculating what Stafford would owe as of December 1, 2016, if a 12% interest rate applied to the loan after Stafford breached the loan agreement by failing to pay what was due by September 21, 2010.  If a 12% interest rate applied to the loan, $834,491 would be due as of December 1, 2016.

9.      I understand that the prejudgment interest rate under Alaska law is three (3) percentage points above the 12th Federal Reserve District discount rate in effect on January 2 of the year in which the judgment is entered.  On November 16, 2016, I viewed the Federal Reserve Discount Window website, www.frbdiscountwindow.org/Pages/Discount-Rates/Historical-Discount-Rates.aspx, and found that the discount rate in effect on January 2, 2016, was 1%.  Accordingly, the prejudgment interest rate under Alaska law currently is 4%.  Attached hereto as **Exhibit 6** is a true and correct copy of a spreadsheet calculating what Stafford would owe as of December 1, 2016, if a 4% interest rate applied to the loan after Stafford breached the loan agreement by failing to pay what was due by September 21, 2010.  If a 4% interest rate applied to the loan, $507,485 would be due as of December 1, 2016.

DECLARATION OF PAUL O'BEIRNE IN
SUPPORT OF MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 3

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1    I declare under penalty of perjury that the foregoing is true and correct.

2

3    DATED: November 17, 2016.

4    _____

5                    Paul O'Beirne

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF PAUL O'BEIRNE IN
SUPPORT OF MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I placed in the U.S. Mail, postage prepaid, a copy

of the foregoing document addressed to the following:

Troy Stafford
15560 N. Frank Lloyd Wright Blvd.
Suite B4-299
Scottsdale, AZ  85260

Troy Stafford
4020 N. MacArthur Blvd., Ste. 122
Irving, TX 75038-6422


I also emailed the foregoing document to the following email addresses:

tstafford4@icloud.com

troy@gscapital.us


I declare under penalty of perjury under the laws of the State of Washington that the

foregoing is true and correct.


DATED:  November 18, 2016 at Seattle, Washington.

*/s/ Sue Stephens*
Sue Stephens, Legal Assistant

DECLARATION OF PAUL O'BEIRNE IN
SUPPORT OF MOTION FOR DEFAULT
JUDGMENT AGAINST TROY STAFFORD
NO. 2:15-cv-01330-RSL – Page 5

735.01 qk121501 11/18/16



YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

# EXHIBIT 1

# Agreement

THIS AGREEMENT (the "agreement") is made this 14th day of June, 2010 by and between Troy Stafford, whose address is 3201 Discovery Bay Drive, Anchorage, AK 99515, Troy D. Stafford ("Stafford") (hereafter, collectively "Borrower") and Paul O'Beirne, whose address is 1635  204th Place NE, Sammamish, WA 98074 (the "Lender").

WHEREAS, Troy Stafford is an individual

WHEREAS, Lender is an individual; and

WHEREAS, Troy Stafford and Lender agreed on the terms and conditions under which Troy Stafford will borrow funds from Lender, and

WHEREAS, Troy Stafford is the sole owner of the Warrants and shares of Miller Petroleum, Inc. a Tennessee Corporation; and

WHEREAS, as a condition of such loan, Lender desires to obtain a fee of **10,000** Shares of Miller Petroleum, Inc, (Mill) for lending **$350,000**, and borrower Troy Stafford desires to assign to Lender **10,000** of said Shares, at time of closing on the loan, **September  21, 2010**.

WHEREAS, Lender is willing to loan borrower the funds it seeks subject to the terms and conditions of this Agreement.

NOW THEREFORE, for and in consideration of the mutual promises made herein, and other good and valuable consideration, the receipt of sufficiency of which is hereby acknowledged, the parties agree as follows:

1. Loan
    a. Amount. Lender shall lend to Troy Stafford, Three Hundred and Fifty Thousand Dollars ($350,000) (the "Loan").
    b. Terms; Maturity. The Loan will be evidence by a promissory note (the "Note"), substantially in the form attached hereto as Exhibit "A."
2. Additional Consideration
    a. Troy Stafford shall sign the attached and hereby incorporate Interest Assignment, directing Troy Stafford to allow a lien on **10,000** shares of and set over to the Lender, Troy Stafford's interest held in Miller Energy Resource by certificate(s) reflecting that the Lender hereof is the lien holder of the Current Market Value of **10,000** shares of Miller Petroleum Inc. ("MILL").
    b. Troy Stafford agrees to work with Lender to record a lien on **10,000** shares of Miller Energy Resources Stock owned by Troy Stafford and held by UBS, such certificate to be executed by the Managers or Transfer agent of Troy Stafford at time of closing **September 21, 2010**.
    c. Troy Stafford shall sign the attached and hereby incorporated Assignment of right to lien stock and/or warrants, assigning to Lender all of its rights, title, and interest in and to the amount of **10,000** share pursuant to the terms and conditions of the Assignment.
3. Prepayment.
    a. No prepayment penalties.
4. General Provisions.

DECL OF PAUL O'BEIRNE ISO MOTION FOR
DEFAULT JUDGMENT AGAINST STAFFORD
NO. 2:15-cv-01330-RSL - Page 7

a.   Waiver and Amendments. No delay on the part of the parties in the exercise of any right, power, or remedy shall operate as a waiver of such right, power, or remedy, nor shall any single or partial exercise by the parties, of any right, power, or remedy preclude other or further exercise of, or the exercise of any other, right, power, or remedy. No Amendment, modification, or waiver of, or consent with respect to, any provision of this Agreement or the Note shall be effective unless it shall be in writing and signed and delivered by the parties.

b.   Indemnity. Borrower shall indemnify, save and hold harmless Lender to the fullest extent permitted by law from and against all liabilities, claims, demands, arbitrations, suits and controversies of every sort and description arising out of or as a result of any operations, acts, undertakings, or omissions, of new Company, including violations of federal, state, or local laws, regulations or ordinances of every type and description.

c.   Notices. All notices required to be given under this Agreement shall be given in writing, may be sent by facsimile (unless otherwise required by law), and shall be effective when actually delivered or when deposited with a nationally recognized overnight courier or deposited in the United States mail, first class, postage prepaid, addressed to the party to whom the notice is to be given at the address shown on Exhibit "B." Any party may change its address for notices under this Agreement by giving formal written notice to the other party, specifying that the purpose of the notice is to change the party's address.

d.   Governing Law. This Agreement is a contract made under and governed by the laws of the State of Alaska. All obligations and rights of the parties shall be in addition to, and not in limitation of, those provided by applicable law.

e.   Successors and Assigns. This Agreement shall inure to the benefit of and be binding on the successors and assigns of the parties. Neither party shall assign or transfer its interest in this Agreement without the written consent of the other party.

f.   Governing Law. This Agreement and the Note shall be governed by the laws of the State of Alaska. Venue for any actions arising out of this Agreement shall be in Anchorage, Alaska.

g.   Severability. If any one or more of the provisions contained in this Agreement, for any reason, are held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegal, or unenforceable shall not affect any other provisions hereof, and this Agreement shall be construed as if such invalid, illegal, or unenforceable provisions had never been contained herein.

h.   Agency. Except as specifically provided otherwise in this Agreement, this Agreement shall not be construed to constitute the creation of a partnership or joint venture between parties.

i.   No Third Party Beneficiaries. Nothing in this Agreement shall be construed or interpreted to confer or vest any rights or interests on, in, or to any party who is not a party to this Agreement.

j.   No Strict Construction. Each party represents and warrants that it has had the advice of competent counsel with respect to the execution of this Agreement and related documents and the parties agree that the rule that a contract will be construed against the party drafting it will have no application to the interpretation or construction of this Agreement. Lender has had the opportunity to retain or consult with separate counsel of its own choice and is fully informed as to the legal consequences of this Agreement.

k.   Counterparts. This Agreement may be executed in multiple counterparts, each of which, when so executed, shall be deemed an original, but all such Counterparts, taken together, shall constitute one and the same agreement.

l.  **Further Acts.** Each party, at any time and from time to time after the date of this Agreement, will do, execute, acknowledge, and deliver all such further acts, deeds, assignments, transfers, conveyances, powers of attorney, and assurances as may be required to effectuate the terms and conditions of this Agreement.

m.  **Expenses.** Each party shall pay its own expenses and costs, including without limitation, attorney fees, incurred in connection with the negotiation of this Agreement.

n.  **Assignable.** Each party shall agree that the terms of the loan will be assignable upon written notice.

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year first above written.

Borrower:

> Troy D. Stafford
> 3201 Discovery Bay Drive
> Anchorage, AK 99515
>
> By: _____
> Date: 6/14/2010

Lender:

> Paul O'Beirne, an Individual
> 1635 204th Place NE
> Sammamish, WA 98074
>
> By: _____
> Date: _____

DECL OF PAUL O'BEIRNE ISO MOTION FOR
DEFAULT JUDGMENT AGAINST STAFFORD
NO. 2:15-cv-01330-RSL - Page 9

# Exhibit "A" Form of Promissory Note

**$350,000**

For value received, the undersigned, Troy Stafford, (the "Borrower") promise to pay to the order of Paul O'Beirne, (the "Lender"), the sum of **$350,000** with Zero percent (0%) interest. Troy Stafford agrees that the minimum value under this agreement for the shares shall be **$5.50** per share, a total value of **$55,000**, at time of closing. Troy Stafford agrees to pay Lender in cash and or stock the equivalent of any losses in value below the **$5.50** per share value. The principal and any share value loss shall be fully due and payable **September 21, 2010 or as early as August 21, 2010 as mutually agreed to by both parties.**

Loan will be personally guaranteed against the assets of Troy Stafford which included the shares, warrant, and interest in properties held by Troy Stafford.

If default be made in the payment of any amounts due under or according to this Note, and if default is not cured within ten (60) days of the date such payment was due, then and in that event the entire unpaid principal and accrued interest shall at once become immediately due and payable, without notice, at the option of the holder of this Note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

The undersigned, whether principal, surety, guarantor, endorser, or other party hereto, agrees to be jointly and severally bound; severally waive any homestead or exemption right against said debt; waive demand, protest, and notice of demand, protest, and nonpayment, and expressly agree that this Note or any payment hereunder may be extended from time to time, and consent may be given to the acceptance of further security, including other types of security, all without in any way affecting the liability of such parties.

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year first above written.

Borrower:

Troy D. Stafford
3201 Discovery Bay Drive
Anchorage, AK 99515

By: _____
Date: 6/14/2010

Lender:

Paul O'Beirne, an Individual
1635 204th Place NE
Sammamish, WA 98074

By:_____

DECL OF PAUL O'BEIRNE ISO MOTION FOR
DEFAULT JUDGMENT AGAINST STAFFORD
NO. 2:15-cv-01330-RSL - Page 10

Date:_____

# Exhibit "B" Address for Notice

If to Troy Stafford:

        Attn: Troy Stafford

        3201 Discovery Bay Drive

        Anchorage, AK 99515

        Telephone: 907-952-1744

        Facsimile: 907-334-6735

If to Lender:

        Attn: Paul O'Beirne

        1635 204th Place NE

        Sammamish, WA 98074

        Telephone: 425-706-6855



Jun 14 10 05:48p     Armando & Silvia O Araujo 623-505-7750          p.6

## Exhibit "C" Wiring Instructions

$350,000

**Denali Alaskan Federal Credit Union**

**440 E 36th Avenue**

**Anchorage, AK 99503**

**Routing:**

**Account:**



Agreement Lender and Troy Stafford                                              6

# EXHIBIT 2

From: gscapitaltroy@gci.net [mailto:gscapitaltroy@gci.net]
Sent: Friday, October 29, 2010 12:09 PM
To: Paul O'Beirne (HR)
Subject: Re: Addendum

Crap
I will resend when I get back to house.
Less then an hour.

Troy Stafford
907-952-1744


On Oct 29, 2010, at 11:27 AM, "Paul O'Beirne (HR)" <paulob@microsoft.com> wrote:
No attachment ☐

From: Troy Stafford [mailto:gscapitaltroy@gci.net]
Sent: Friday, October 29, 2010 10:40 AM
To: Paul O'Beirne (HR); 'Dale Young'
Subject: RE: Addendum

Please see attached addendum.
I believe it meets all requirements and should be seen as fair for all involved.

Thanks

Troy

From: Paul O'Beirne (HR) [mailto:paulob@microsoft.com]
Sent: Friday, October 22, 2010 9:35 AM
To: Troy Stafford; 'Dale Young'
Subject: RE: Addendum

On formula yes however  the interest should be on the total amount outstanding $405K which would be
5% of $405K which is $20.5 and then add on any additional interest on the same basis for days over 21st
of October e.g if paid on November 1st . If paid on November 1st then it would be 9 days and if settled
later than we would pro rate accordingly

Paul

From: Troy Stafford [mailto:gscapitaltroy@gci.net]
Sent: Friday, October 22, 2010 8:17 AM
To: 'Dale Young'; Paul O'Beirne (HR)
Subject: RE: Addendum

Paul,

Do you concur with the below formula?

If so, I will alter addendum and then call you to go over.

Thanks

Troy

From: Dale Young [mailto:daleyoung3@gmail.com]
Sent: Thursday, October 21, 2010 6:05 PM
To: Paul O'Beirne (HR)
Cc: Troy Stafford
Subject: Re: Addendum

Guys,

I think 5% of original loan value per month is fair for both parties.  This can accrue weekly so that if we are pegging 9/21 as original due date, we are currently at the 1 month point.

Payback would look like Troy outlined, plus 5%(350) for the additional month.

$350
+55
+17.5

= $422.50K, this number would assume payback today.  Each additional week would be (.25)(.05) additional penalty interest on the original loan value, not cumulative.

I think this is fair, but it's up to you guys to agree.  Please email back to this address with any questions.  daleyoung3@gmail.com

thanks,
Dale


On Oct 21, 2010, at 4:42 PM, Paul O'Beirne (HR) wrote:

Tory I think there interest  should be from 21st of September to wherever this closes I need to come back to you with a number in interest.
Also  I believe there should be additional penalty either that is build in  a higher interest or additional sum.
I was expecting this to be paid back earlier and I believe the penalty is fair and justified. As in order to finance some other investment with cash I had to liquidate some of other investments as I did not have enough cash in my account ( Dale can confirm this)
In addition you have benefited by not having to give me the shares( as the price is higher than the minimum)   which were part of the original agreement

Paul

From: Troy Stafford [mailto:gscapitaltroy@gci.net]

Sent: Thursday, October 21, 2010 4:25 PM
To: Paul O'Beirne (HR)
Cc: daleyoung3@gmail.com
Subject: RE: Addendum

Paul,

So I have been playing closeout ideas all day.

Here is the rundown:
1)      I have been told that the closing on the sale of warrants will take place on November 1.
2)      Payment to you on November 2.
3)      Payment to be:
$350,000
Plus
$55,000
Plus
1 month of Monthly Interest?????

Give me a interest number that you think is fair and let's go from there.
I definitely want everyone involved to feel good about this deal.

Regards

Troy

From: Paul O'Beirne (HR) [mailto:paulob@microsoft.com]
Sent: Wednesday, October 20, 2010 4:32 PM
To: Troy Stafford
Cc: daleyoung3@gmail.com
Subject: RE: Addendum

Troy, not sure what happened but I got no mail at MS or on phone I have not gone through in detail however my initial assessment is this look looks look low in term of a penalty Also it should be evaluated on the total amount outstanding not on the principal .

o In  the initial agreement initial agreement was based on 10,000  shares they are now trading at 6.00 dollar per shares which mean it we had stuck to the original agreement I would have received this and a penalty for over a months being late Let set up some time to discuss further however the agreement as it stand would need to be revised before we have agreement.

Paul

From: Troy Stafford [mailto:gscapitaltroy@gci.net]
Sent: Wednesday, October 20, 2010 3:54 PM
To: Paul O'Beirne (HR)
Cc: daleyoung3@gmail.com
Subject: Addendum

DECL OF PAUL O'BEIRNE ISO MOTION FOR
DEFAULT JUDGMENT AGAINST STAFFORD
NO. 2:15-cv-01330-RSL - Page 16

Importance: High

Paul,

Please find attached an addendum to the agreement.

Let me know your thoughts.  I am in process of selling approximately 200,000 warrants to a private individual /colleague / friend.
The sale is in process and should close within the next few days.  I am trying to get the buyer to have his attorney send me an email outlining the timing of this sale for you records.

I just realized, today, that you have not been getting all of my text messages because I have your cell phone labeled incorrectly in my Iphone.

I apologize,  I have literally sent you 10 long texts in the last few of days, but they went to your work number.  Odd that I did not get an error message back.

Anyway, it is my goal to settle this loan with you ASAP.

Lets discuss the addendum attached after you review.

Thanks

Troy
907-952-1744

# <u>EXHIBIT 3</u>

| Dates | | | Interest (+) and Payment (-) | Principal and Interest |
|---|---|---|---|---|
| 6/14/2011 | **Original Loan** | $350,000 | | |
| 9/14/2010 | **Due September 14th 2010** | $405,000 | $55,000 | $405,000 |
| 10/14/2010 | | | $20,500 | $425,500 |
| 11/14/2011 | | | $20,500 | $446,000 |
| 12/14/2010 | | | $20,500 | $466,500 |
| 1/14/2011 | | | $20,500 | $487,000 |
| 2/14/2011 | | | $20,500 | $507,500 |
| 3/14/2011 | | | $20,500 | $528,000 |
| 4/14/2011 | | | $20,500 | $548,500 |
| 5/14/2011 | | | $20,500 | $569,000 |
| 6/14/2011 | | | $20,500 | $589,500 |
| 7/14/2011 | | | $20,500 | $610,000 |
| 8/14/2011 | | | $20,500 | $630,500 |
| 9/14/2011 | | | $20,500 | $651,000 |
| 10/14/2011 | | | $20,500 | $671,500 |
| 11/14/2011 | | | $20,500 | $692,000 |
| 12/14/2011 | | | $20,500 | $712,500 |
| 1/14/2012 | | | $20,500 | $733,000 |
| 2/14/2012 | | | $20,500 | $753,500 |
| 3/14/2012 | | | $20,500 | $774,000 |
| 4/14/2012 | | | $20,500 | $794,500 |
| 5/14/2012 | | | $20,500 | $815,000 |
| 6/14/2012 | | | $20,500 | $835,500 |
| 7/14/2012 | | | $20,500 | $856,000 |
| 8/14/2012 | | | $20,500 | $876,500 |
| 9/14/2012 | | | $20,500 | $897,000 |
| 10/14/2012 | | | $20,500 | $917,500 |
| 11/14/2012 | | | $20,500 | $938,000 |
| 12/14/2012 | | | $20,500 | $958,500 |
| 1/14/2013 | | | $20,500 | $979,000 |
| 2/14/2013 | | | $20,500 | $999,500 |
| 3/14/2013 | | | $20,500 | $1,020,000 |
| 4/14/2013 | | | $20,500 | $1,040,500 |
| 5/14/2013 | | | $20,500 | $1,061,000 |
| 6/14/2013 | | | $20,500 | $1,081,500 |
| 7/14/2013 | | | $20,500 | $1,102,000 |
| 8/14/2013 | | | $20,500 | $1,122,500 |
| 9/14/2013 | | | $20,500 | $1,143,000 |
| 10/14/2013 | | | $20,500 | $1,163,500 |
| 11/14/2013 | | | $20,500 | $1,184,000 |
| 12/15/2013 | | | $20,500 | $1,204,500 |
| 1/14/2014 | | | $20,500 | $1,225,000 |
| 2/14/2014 | | | $20,500 | $1,245,500 |
| 3/14/2014 | | | $20,500 | $1,266,000 |

| | | | |
|---|---|---|---|
| 4/14/2014 | | $20,500 | $1,286,500 |
| 5/1/2014 | $10,000 payment | -$10,000 | $1,276,500 |
| 5/14/2014 | | $20,500 | $1,297,000 |
| 6/14/2014 | | $20,500 | $1,317,500 |
| 7/14/2014 | | $20,500 | $1,338,000 |
| 8/14/2014 | | $20,500 | $1,358,500 |
| 9/14/2014 | | $20,500 | $1,379,000 |
| 10/14/2014 | | $20,500 | $1,399,500 |
| 11/14/2014 | | $20,500 | $1,420,000 |
| 12/14/2014 | | $20,500 | $1,440,500 |
| 1/14/2015 | | $20,500 | $1,461,000 |
| 2/14/2015 | | $20,500 | $1,481,500 |
| 3/14/2015 | | $20,500 | $1,502,000 |
| 4/14/2015 | | $20,500 | $1,522,500 |
| 5/14/2015 | | $20,500 | $1,543,000 |
| 6/14/2015 | | $20,500 | $1,563,500 |
| 7/14/2015 | | $20,500 | $1,584,000 |
| 8/14/2015 | | $20,500 | $1,604,500 |
| 9/14/2015 | | $20,500 | $1,625,000 |
| 10/14/2015 | | $20,500 | $1,645,500 |
| 11/14/2015 | | $20,500 | $1,666,000 |
| 9/14/2014 | | $20,500 | $1,686,500 |
| 12/14/2015 | | $20,500 | $1,707,000 |
| 1/14/2016 | | $20,500 | $1,727,500 |
| 2/14/2016 | | $20,500 | $1,748,000 |
| 3/14/2016 | | $20,500 | $1,768,500 |
| 4/14/2016 | | $20,500 | $1,789,000 |
| 5/14/2016 | | $20,500 | $1,809,500 |
| 6/14/2016 | | $20,500 | $1,830,000 |
| 7/14/2016 | | $20,500 | $1,850,500 |
| 8/14/2016 | | $20,500 | $1,871,000 |
| 9/14/2016 | | $20,500 | $1,891,500 |
| 10/14/2016 | | $20,500 | $1,912,000 |
| 11/14/2016 | | $20,500 | $1,932,500 |
| | **TOTAL DUE 12/1/2016** | | **$1,932,500** |

# EXHIBIT 4

**Interest Calculation Based on 84% Annual Rate (Compounded Monthly)**

*September 21, 2010 - May 1, 2014*

| | |
|---|---|
| Initial Amount Due | $405,000 |
| Annual Interest Rate | 84% |
| No. Compounding Periods per Year | 12 |
| Years | 3.61 |

| | |
|---|---|
| Balance on May 1, 2014 | $7,592,071 |

| | |
|---|---|
| Balance Less $10,000 May 2014 Payment | $7,582,071.20 |

*May 1, 2014 - December 1, 2016*

| | |
|---|---|
| May 1, 2014 Balance | $7,582,071.20 |
| Annual Interest Rate | 12% |
| No. Compounding Periods per Year | 12 |
| Years | 2.58 |

| | |
|---|---|
| Balance on December 1, 2016 | $10,317,574 |

DECL OF PAUL O'BEIRNE ISO MOTION FOR
DEFAULT JUDGMENT AGAINST STAFFORD
NO. 2:15-cv-01330-RSL - Page 22

# EXHIBIT 5

**Interest Calculation Based on 12% Annual Rate (Compounded Monthly)**

*September 21, 2010 - May 1, 2014*

| | |
|---|---|
| Initial Amount Due | $405,000 |
| Annual Interest Rate | 12% |
| No. Compounding Periods per Year | 12 |
| Years | 3.61 |

| | |
|---|---|
| Balance on May 1, 2014 | $623,242 |

| | |
|---|---|
| Balance Less $10,000 May 2014 Payment | $613,242.32 |

*May 1, 2014 - December 1, 2016*

| | |
|---|---|
| May 1, 2014 Balance | $613,242.32 |
| Annual Interest Rate | 12% |
| No. Compounding Periods per Year | 12 |
| Years | 2.58 |

| | |
|---|---|
| Balance on December 1, 2016 | $834,491 |

DECL OF PAUL O'BEIRNE ISO MOTION FOR
DEFAULT JUDGMENT AGAINST STAFFORD
NO. 2:15-cv-01330-RSL - Page 24

# EXHIBIT 6

**Interest Calculation Based on 4% Annual Rate (Compounded Monthly)**

*September 21, 2010 - May 1, 2014*

| | |
|---|---|
| Initial Amount Due | $405,000 |
| Annual Interest Rate | 4% |
| No. Compounding Periods per Year | 12 |
| Years | 3.61 |

| | |
|---|---|
| Balance on May 1, 2014 | $467,803 |

| | |
|---|---|
| Balance Less $10,000 May 2014 Payment | $457,802.84 |

*May 1, 2014 - December 1, 2016*

| | |
|---|---|
| May 1, 2014 Balance | $457,802.84 |
| Annual Interest Rate | 4% |
| No. Compounding Periods per Year | 12 |
| Years | 2.58 |

| | |
|---|---|
| Balance on December 1, 2016 | $507,485 |