The Honorable Robert S. Lasnik

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL O'BEIRNE, an individual,

                    Plaintiff,

        v.

TROY STAFFORD, an individual,

                    Defendant.

No. 2:15-cv-01330-RSL

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION IN AID OF EXECUTION OF JUDGMENT AND FOR SANCTIONS**

NOTE ON MOTION CALENDAR:
January 4, 2019

### I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiff Paul O'Beirne (hereinafter "Plaintiff" or "O'Beirne"), through his undersigned counsel, and pursuant to Federal Rules of Civil Procedure 37 and 69, LCR 37, and the Final Judgment entered against Defendant Troy Stafford ("Stafford"), hereby moves the Court for an order compelling Stafford to appear for and produce documents at depositions *duces tecum* in aid of execution of judgment, and for sanctions, and in support thereof Plaintiff states as follows:

PLAINTIFF'S MTN TO COMPEL DEP IN AID OF
EXECUTION OF JUDGMENT AND FOR SANCTIONS
NO. 2:15-cv-01330-RSL – Page 1

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

## II.    FACTS AND ARGUMENT

On December 13, 2016, this Court entered default judgment in against Stafford and in favor of Plaintiff in the amount of $1,932,500.00, plus post judgment interest.[1] ECF No. 42.  The judgment was based on Stafford's default on a loan he obtained from Plaintiff.  The details of Stafford's default are set forth in Plaintiff's previously filed Motion for Default Judgment.  ECF No. 40.  Following the entry of default judgment, Plaintiff submitted his prevailing party bill of taxable costs (ECF No. 44) and served Stafford with a copy by email on January 3, 2017.  *See* Declaration of John H. Jamnback ("Jamnback Decl.")  Ex. 1.  Stafford responded by email on January 3, 2017 as follows:

> I am bankrupt. You Need to go through the BK courts.
> I believe your supposed to stop contacting my me as well.
>
> YSDB[2]
> Troy Stafford
> 623-224-7150

Jamnback Decl. Ex. 2.

Plaintiff's counsel requested that Stafford identify the referenced bankruptcy, but he did not respond, and PACER searches did not disclose an active bankruptcy for Stafford.  Jamnback Decl. ¶ 5, Ex. 3.  On April 26, 2017, Plaintiff's counsel reconfirmed that Stafford was not in active bankruptcy with a PACER search, and prepared a letter demanding payment of the judgment, and alternatively requesting dates for Stafford's

---

[1] In addition, O'Beirne had previously been awarded attorney's fees in the amount of $2,737.50 as a discovery sanction. ECF No. 37.

[2] Per the Urban Dictionary "YSDB" is an acronym for a vulgarity.



deposition.  Jamnback Dec. ¶¶ 6 – 7, Ex. 4.  Stafford did not respond to the letter.

Jamnback Decl. ¶ 7.

Plaintiff then spent over a year trying to locate Stafford using private investigation

firms.  Jamnback Decl. ¶¶ 8-9.  Stafford was finally located and personally served with a

notice of deposition and deposition subpoena duces tecum on September 17, 2018.  ECF

No. 47.  Pursuant to the deposition notice and subpoena Stafford's deposition was

scheduled to take place on October 23, 2018 at the One Arizona Center, 400 East Van

Buren Street, Suite 1900, Phoenix, AZ 85004 at 9:00 a.m.  Jamnback Decl. Ex. 5.

Stafford's wife, Xochitl Stafford, was also personally served, and scheduled for the same

date and location at 2:00 p.m.  ECF No. 48; Jamnback Decl. Ex. 6.

On October 1, 2018, Stafford faxed a "Response to Subpoena" to Plaintiff's

attorneys and cc'ing the Court.  Jamnback Decl. ¶ 10, Ex. 7.  The response indicated that

Stafford and his wife did not intend to appear for their depositions, claiming that the

process server engaged in criminal activity in serving the subpoenas.  *Id*. Stafford further

stated that he would be turning "all of our findings over to the Attorney Generals (sic)

Office, the Federal Trade Commission and the local Law Enforcement." *Id.*

Plaintiff's attorney responded on October 2, 2018, offering to reschedule the

depositions to a mutually agreeable date within the next 30 days, but noting that unless an

agreement was reached regarding rescheduling, the depositions would proceed as noted.

Jamnback Decl. ¶ 11, Ex. 8.  Stafford did not respond.  Jamnback Decl. ¶ 12.

On October 23, 2018, Plaintiff's undersigned attorney personally appeared for

each deponents' deposition and waited approximately fifteen minutes for each to appear

PLAINTIFF'S MTN TO COMPEL DEP IN AID OF
EXECUTION OF JUDGMENT AND FOR SANCTIONS
NO. 2:15-cv-01330-RSL – Page 3

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1
2
3
4
5

before going on the record, but neither Stafford nor his wife appeared.[3]  Jamnback Decl. ¶¶ 13 – 16, Exs. 9 & 10.  On December 12, 2018, Plaintiff's attorney wrote to Stafford requesting a discovery conference regarding Stafford's failure to appear at his deposition. Jamnback Decl. ¶¶ 16 – 18, Ex. 11.  Stafford did not respond. *Id*.

6
7
8
9

Federal Rule of Civil Procedure 69 governs post-judgment discovery, and provides that "in aid of the judgment or execution, the judgment creditor … may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).[4]

10
11
12
13
14
15
16
17
18
19
20
21

Post-judgment discovery in aid of execution of a judgment "permits the judgment creditor to obtain information about the debtor's current and past financial assets which could reasonably lead to the discovery of concealed or fraudulently transferred assets." *Cent. States, Se. & Sw. Areas Health and Welfare Fund v. Neurobehavioral Associates, P.A.,* No. 93-6169, 1997 WL 757879, at *2 (N.D. Ill. Dec. 2,1997) (citation and internal quotation marks omitted); *N. Seattle Health Ctr. Corp. v. Allstate Fire & Cas. Ins. Co.*, No. C14-1680JLR, 2017 U.S. Dist. LEXIS 55447, at *8 (W.D. Wash. Apr. 11, 2017) (Rule 69 "is designed to allow the judgment creditor to identify assets from which the judgment may be satisfied.").  "The scope of discovery allowed under Rule 69 is broad." *Beautyko LLC v. Amazon Fulfillment Servs.*, No. C16-355 RSM, 2018 U.S. Dist. LEXIS 64746, at *6-7

22

23
24
25
26

---

[3] Plaintiff's counsel remained at the deposition location until approximately 4:00 p.m., and neither deponent appeared.

[4] Plaintiff elects to use the federal discovery rules in aid of execution of judgment.  *See FM. Indus., Inc. v. Citicorp Credit Services, Inc.*, 656 F. Supp. 2d 795, 797 (N.D. Ill. 2009) (discussing that a judgment creditor may obtain post-judgment discovery by the procedure of the forum state or as provided in Rule 69.

PLAINTIFF'S MTN TO COMPEL DEP IN AID OF
EXECUTION OF JUDGMENT AND FOR SANCTIONS
NO. 2:15-cv-01330-RSL – Page 4



1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

(W.D. Wash. Apr. 16, 2018) *citing Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct.

2250, 2254, 189 L. Ed. 2d 234 (2014) ("The rules governing discovery in post judgment

execution proceedings are quite permissive.").  "The  judgment creditor may use any of the

discovery devices provided for in Rules 26 through 37 of the Federal Rules of Civil

Procedure." *Cent. States,* 1997 WL 757879, at *2 (citing 12 Charles Alan Wright, *et. al.*,

*Federal Practice and Procedure*, § 3014 at 160 (2d ed. 1997)).  This includes compelling

a judgment debtor to submit to a deposition in aid of execution.  *Consolidated*

*Freightways Corp. of Delaware*, 1995 WL 683587, at *1, 3 (stating that depositions in aid

of execution are a permissible discovery tool under Rule 69(a)).

Accordingly, Plaintiff is entitled to post-judgment discovery in aid of execution,

which includes taking Stafford's deposition and requiring him to produce the requested

documents.  Plaintiff respectfully requests that Stafford be compelled to appear for and

fully cooperate at depositions in aid of execution of judgment and to produce the

documents demanded in the subpoena and notice at his rescheduled deposition.  Plaintiff

further requests that Stafford's rescheduled deposition be held at the offices of Plaintiff's

attorney in Seattle, Washington.  This relief is appropriate under the Federal Rules and

particularly necessary here, where Stafford has failed to attend his previously noticed

deposition near his home in Arizona, forcing Plaintiff to incur unnecessary travel expenses.

Plaintiff also seeks sanctions against Stafford.  Pursuant to Rule 37, Stafford's

failure to attend duly-noticed depositions, as well as Plaintiff's motion to compel, if

successful, may  result  in  sanctions  being  awarded  against Stafford,  including

Plaintiff's  reasonable attorneys' fees and costs.  Fed.R.Civ.P. 37(a)(5)(A), 37(d)(3).

*See MetroPCS v Raymond*, 2016 U.S. Dist. LEXIS 183349  at *1 (finding that "Plaintiff is

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1   entitled to its attorneys' fees and costs for preparing for Defendant's deposition, appearing

2   for Defendant's deposition, and having to bring this Motion [to compel] as a result of

3   Defendant's failure to appear at her deposition [in aid of execution of judgment]");

4   *Goldman v. Alhadeff*, 131 F.R.D. 188, 192 (W.D. Wash. 1990) (awarding costs and fees

5   incurred for motions to compel discover and in preparation for deposition, including

6   travel costs).

7

### III.   CONCLUSION

8

9        Plaintiff is entitled to collect on his judgment against Stafford and to pursue all

10  available post-judgment discovery allowed under the Federal Rules, but Stafford has

11  refused to cooperate.  As such, Plaintiff respectfully requests that the Court compel

12  Stafford to appear for and fully cooperate at his deposition *duces tecum in* aid of

13  execution, produce the requested documents, and award Plaintiff appropriate sanctions

14  against Defendants, including payment of Plaintiff's attorneys' fees, costs, and travel

15  expenses resulting from Stafford's willful failure to appear at his duly-noticed

16  deposition and in making this Motion.  A proposed order is submitted herewith.

17

18        DATED:  December 20, 2018.

19

20                                          **YARMUTH WILSDON PLLC**

21                                          By: */s/ John H. Jamnback*
                                                John H. Jamnback, WSBA No29872
22                                          1420 Fifth Avenue, Suite 1400
                                            Seattle, Washington 98101
23                                          206.516.3800
                                            206.516.3888 (facsimile)
24                                          jjamnback@yarmuth.com

25                                          *Attorneys for Plaintiff Paul O'Beirne*

26

## <u>CERTIFICATE OF SERVICE</u>

1

2  I hereby certify that on this date, I placed in the U.S. Mail, postage prepaid, a copy

of the foregoing document addressed to the following:

3

4  Troy Stafford                              Troy Stafford
   9439 E. Trailside View                     15560 N. Frank Lloyd Wright Blvd.
                                              Suite B4-299
5  Scottsdale, AZ 85255                       Scottsdale, AZ  85260

6

7  I also emailed the foregoing document to the following email addresses:

tstafford4@icloud.com

8

troy@gscapital.us

9

10

11  I declare under penalty of perjury under the laws of the State of Washington that the

foregoing is true and correct.

12

13  DATED:  December 20, 2018 at Seattle, Washington.

14                                           /s/ Sue Stephens
                                             Sue Stephens, Legal Assistant

15

16

17

18

19

20

21

22

23

24

25

26



1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

735.01 sl180901 12/19/18