The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL O'BEIRNE, an individual,

Plaintiff,

v.

TROY STAFFORD, an individual,

Defendant.

No. 2:15-cv-01330-RSL

**DECLARATION OF JOHN JAMNBACK IN SUPPORT OF PLAINTIFF PAUL O'BEIRNE'S MOTION TO COMPEL**

John H. Jamnback declares as follows:

1.      I am a member of Yarmuth Wilsdon PLLC, counsel for plaintiff Paul O'Beirne ("O'Beirne") in the above-captioned lawsuit.  I make this declaration upon personal knowledge and, if called to testify, could and would testify competently to the facts set forth herein.

2.      On December 13, 2016, this Court entered default judgment against Troy Stafford ("Stafford") and in favor of O'Beirne in the amount of $1,932,500.00, plus post judgment interest.

3.      Thereafter, on January 3, 2017, my firm served Stafford by email with a prevailing party bill of costs for the case and supporting declaration at Stafford's email

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 1

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1  addresses troy@gscapital.us and tstafford4@icloud.com.  A true copy of this email is

2  attached hereto as Exhibit 1.

3         4.      Stafford responded by email on January 3, 2017 from his

4  tstafford4@icloud.com email account claiming that he was in bankruptcy.  A true copy of

5  this email is attached hereto as Exhibit 2.

6         5.      My law partner Jeremy Roller responded to Stafford by email and requested

7  information concerning the purported bankruptcy.  A true copy of this email is attached

8  hereto as Exhibit 3.  Stafford did not respond to this request.  A PACER search by our

9  paralegal did not locate any active bankruptcy case for Stafford.

10        6.      On April 26, 2017, I requested paralegal Mike Houck to run a follow-up

11 PACER search to confirm that Stafford had not filed for bankruptcy.  The PACER search

12 did not locate any active bankruptcy case for Stafford.

13        7.      After obtaining the PACER search results, I sent a letter to Stafford dated

14 April 26, 2017 demanding payment of the judgment and, alternatively, requesting dates for

15 Stafford's deposition.  A true copy of the letter is attached hereto as Exhibit 4.  Stafford did

16 not respond to the letter.

17        8.      In or around June 2017, Plaintiff hired an investigative firm to attempt to

18 locate and serve Stafford with a deposition notice.  That process continued over

19 approximately 9 months and was unsuccessful.

20        9.      In June 2018, Plaintiff hire a second investigative firm to attempt to locate

21 and serve Stafford.  After several months, the investigator located and served both Troy

22 Stafford and his wife Xochitl Stafford with deposition notices and subpoenas on September

23 17, 2018.  True copies of these documents are attached hereto as Exhibits 5 & 6.

24        10.     On October 1, 2018, I received a faxed document purportedly from Stafford

25 entitled "Response to Subpoena."  A true copy of the document is attached hereto as

26 Exhibit 7.

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 2

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

11.     On October 2, 2018, I replied to Stafford's "Response to Subpoena" with a letter.  I offered to reschedule the depositions if he and his wife were not available on the noticed date.  A true copy of the letter is attached hereto as Exhibit 8.  In addition to his email and mailing addresses that we had, I had my letter faxed to the number he had used to send me his "Response to Subpoena."

12.     Stafford did not reply to my October 2, 2018 letter nor contact me to reschedule the depositions.

13.     I traveled to Phoenix, Arizona for the depositions scheduled for October 23, 2018.

14.     Troy Stafford's deposition was noticed for 9:00 a.m.  When he did not appear, I went on the record at approximately 9:15 a.m. and created a statement of non-appearance, a true copy of which is attached hereto as Exhibit 9.

15.     Xochitl Stafford's deposition was noticed for 2:00 p.m.  When she did not appear, I went on the record at approximately 2:15 p.m. and created a statement of non-appearance, a true copy of which is attached hereto as Exhibit 10.

16.  I remained at the deposition site until approximately 4:00 p.m.  Neither deponent appeared or contacted me.

17.     On December 12, 2018, I wrote a letter to Stafford requesting a telephonic discovery conference for December 17 or 18, 2018 to address the issue of his non-appearance.  A true copy of the letter is attached hereto as Exhibit 11.

18.      Stafford has not responded to my December 12, 2018 letter requesting a telephonic discovery conference.  Accordingly, I was unable to confer with him regarding this discovery issue as required by LCR 37(a)(1).

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1    I declare under penalty of perjury that the foregoing is true and correct.

2

3    DATED December 20, 2018.

4

5                                    _/s/ John H. Jamnback_____
                                     John H. Jamnback

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 4

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

## CERTIFICATE OF SERVICE

1

2         I hereby certify that on this date, I placed in the U.S. Mail, postage prepaid, a copy

3    of the foregoing document addressed to the following:

4    Troy Stafford                          Troy Stafford
     9439 E. Trailside View                 15560 N. Frank Lloyd Wright Blvd.
5    Scottsdale, AZ 85255                   Suite B4-299
                                            Scottsdale, AZ  85260
6

7         I also emailed the foregoing document to the following email addresses:

8    tstafford4@icloud.com

9    troy@gscapital.us

10

11        I declare under penalty of perjury under the laws of the State of Washington that the

12   foregoing is true and correct.

13        DATED:  December 20, 2018 at Seattle, Washington.

14                                    /s/ Sue Stephens
                                      Sue Stephens, Legal Assistant
15

16

17

18

19

20

21

22

23

24

25

26



DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 5



YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

735.01 qg141502 12/19/18

# EXHIBIT 1

**John Jamnback**

| | |
|---|---|
| **From:** | Sue Stephens |
| **Sent:** | Tuesday, January 3, 2017 3:27 PM |
| **To:** | 'tstafford4@icloud.com'; 'troy@gscapital.us' |
| **Cc:** | Jeremy Roller; Cristin Kent Aragon |
| **Subject:** | O'Beirne v. Stafford (W.D. Wash.) |
| **Attachments:** | 44 Bill of Costs.pdf; 45 Decl Roller Verifying Bill of Costs.pdf |

Mr. Stafford:

Attached are pleadings filed this date in the above-referenced case.

*Sue Stephens*
Legal Assistant

 YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, STE 1400  SEATTLE, WA 98101
T 206.516.3800  F 206.516.3888
D 206.516.3898
www.yarmuth.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain privileged or other confidential information generated by Yarmuth Wilsdon PLLC. If you are not the intended recipient, please do not read or review this e-mail or its attachments. Please also notify the sender of your receipt of this e-mail and delete all copies of the e-mail and its attachments from your system. Thank you.

# **EXHIBIT 2**

**From:** Troy Stafford [mailto:tstafford4@icloud.com]
**Sent:** Tuesday, January 03, 2017 3:36 PM
**To:** Sue Stephens <sstephens@yarmuth.com>
**Cc:** troy@gscapital.us; Jeremy Roller <jroller@yarmuth.com>; Cristin Kent Aragon <caragon@yarmuth.com>
**Subject:** Re: O'Beirne v. Stafford (W.D. Wash.)

I am bankrupt. You
Need to go through the BK courts.
I believe your supposed to stop contacting my me as well.

YSDB

Troy Stafford
623-224-7150

Sent from my iPhone.

On Jan 3, 2017, at 4:27 PM, Sue Stephens <sstephens@yarmuth.com> wrote:

Mr. Stafford:

Attached are pleadings filed this date in the above-referenced case.


*Sue Stephens*
Legal Assistant

**YARMUTH WILSDON PLLC**
1420 FIFTH AVENUE, STE 1400  SEATTLE, WA 98101
T 206.516.3800  F 206.516.3888
D 206.516.3898
www.yarmuth.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain privileged or other confidential information generated by Yarmuth Wilsdon PLLC. If you are not the intended recipient, please do not read or review this e-mail or its attachments. Please also notify the sender of your receipt of this e-mail and delete all copies of the e-mail and its attachments from your system. Thank you.


<44 Bill of Costs.pdf>
<45 Decl Roller Verifying Bill of Costs.pdf>

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 9

# **EXHIBIT 3**

**John Jamnback**

| | |
|---|---|
| **From:** | Jeremy Roller |
| **Sent:** | Tuesday, January 3, 2017 4:27 PM |
| **To:** | Troy Stafford; Sue Stephens |
| **Cc:** | troy@gscapital.us; Cristin Kent Aragon |
| **Subject:** | RE: O'Beirne v. Stafford (W.D. Wash.) |

Mr. Stafford,

Can you identify the bankruptcy court and case number for your bankruptcy petition?  Thank you.

Jeremy E. Roller

**YARMUTH WILSDON PLLC**

1420 FIFTH AVENUE, STE 1400  SEATTLE, WA 98101
T 206.516.3800  F 206.516.3888
D 206.516.3841
www.yarmuth.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain privileged or other confidential information generated by Yarmuth Wilsdon PLLC. If you are not the intended recipient, please do not read or review this e-mail or its attachments. Please also notify the sender of your receipt of this e-mail and delete all copies of the e-mail and its attachments from your system. Thank you.

---

**From:** Troy Stafford [mailto:tstafford4@icloud.com]
**Sent:** Tuesday, January 03, 2017 3:36 PM
**To:** Sue Stephens <sstephens@yarmuth.com>
**Cc:** troy@gscapital.us; Jeremy Roller <jroller@yarmuth.com>; Cristin Kent Aragon <caragon@yarmuth.com>
**Subject:** Re: O'Beirne v. Stafford (W.D. Wash.)

I am bankrupt. You
Need to go through the BK courts.
I believe your supposed to stop contacting my me as well.

YSDB

Troy Stafford
623-224-7150

Sent from my iPhone.

On Jan 3, 2017, at 4:27 PM, Sue Stephens <sstephens@yarmuth.com> wrote:

Mr. Stafford:

Attached are pleadings filed this date in the above-referenced case.

*Sue Stephens*

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF          1
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 11

Legal Assistant

**▌▌ YARMUTH WILSDON** PLLC

1420 FIFTH AVENUE, STE 1400  SEATTLE, WA 98101

T 206.516.3800  F 206.516.3888

D 206.516.3898

www.yarmuth.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain privileged or other confidential information generated by Yarmuth Wilsdon PLLC. If you are not the intended recipient, please do not read or review this e-mail or its attachments. Please also notify the sender of your receipt of this e-mail and delete all copies of the e-mail and its attachments from your system. Thank you.

<44 Bill of Costs.pdf>

<45 Decl Roller Verifying Bill of Costs.pdf>

# **EXHIBIT 4**



YARMUTH WILSDON PLLC
ATTORNEYS AT LAW

John H. Jamnback
DIRECT 206.516.3837
jjamnback@yarmuth.com

April 26, 2017

**VIA E-MAIL and U.S. MAIL**

Troy Stafford
15560 N. Frank Lloyd Wright Blvd.
Suite B4-299
Scottsdale, AZ 85260

Troy Stafford
4020 N. MacArthur Blvd., Ste. 122
Irving, TX 75038-6422

Email: tstafford4@icloud.com   troy@gscapital.us

Re:   Paul O'Beirne v. Troy Stafford, Case No. C15-1330RSL
      United States District Court for the Western District of Washington

Dear Mr. Stafford:

This law firm represents Paul O'Beirne.  As you know, in December 2016, Mr. O'Beirne was awarded a judgment against you in the amount of one million nine hundred thirty-two thousand five hundred dollars ($1,932,500.00), plus costs in the amount of five hundred ninety-five dollars ($595.00), and post-judgment interest from the date of judgment.  Copies of the judgment and the clerk's taxation of costs are enclosed.  Demand is hereby made for immediate payment in full.

In the event that you are not able to make an immediate payment in full, please contact me to discuss a payment plan.  In addition, I would like to arrange and schedule your deposition to permit us to obtain discovery in aid of execution of the judgment in accordance with Fed. R. Civ. P. 69.  Please provide me with your available dates in May, and a preferred location for your deposition, on or before May 5, 2017.  If you do not contact me by the requested date to arrange a mutually convenient date and location, we will notice your deposition at our convenience.

Please contact me, or have your attorney contact me, as soon as possible.

Sincerely,

John H. Jamnback

Enclosures

T 206.516.3800
F 206.516.3888

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL

1420 FIFTH AVENUE, SUITE 1400 | SEATTLE, WASHINGTON 98101                  www.yarmuth.com

NO. 2:15-cv-01330-RSL – Page 14

Case 2:15-cv-01330-RSL   Document 40   Filed 12/20/16   Page 15 of 51

United States District Court
WESTERN DISTRICT OF WASHINGTON

PAUL O'BEIRNE,

v.                                              JUDGMENT IN A CIVIL CASE

TROY STAFFORD,

CASE NUMBER: C15-1330RSL

___   **Jury Verdict**. This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

_X_   **Decision by Court**.  This action came to consideration before the Court.  The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT

Judgment is entered against Defendant Troy Stafford and in favor of Plaintiff Paul O'Beirne in the amount of $1,932,500.00, plus post-judgment interest.

_____December 13, 2016_____          _____
                                                William M. McCool
                                                Clerk

                                          /s/Rhonda Stiles_____
                                          By, Deputy Clerk

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 15

1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5

6  PAUL O'BEIRNE,

7                    Plaintiff,

8           v.                                    Case No. C15-1330RSL

9  TROY STAFFORD,                                 TAXATION OF COSTS

10                   Defendant.

11

12      Costs in the above-entitled cause are hereby taxed against DEFENDANT – TROY

13  STAFFORD and on behalf of PLAINTIFF – PAUL O'BEIRNE in the unopposed amount of

14  $595.00 and included in the judgment.

15

16      Entered this ___20th___ day of January, 2017.

17

18                                        William M. McCool, Clerk
                                          U. S. District Court
19

20

21                                        By: ___S/ JOSEPH WHITELEY
                                              Joseph Whiteley, Deputy in Charge
22

23

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
TAXATION OF COSTS - 1
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 16

# **EXHIBIT 5**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

| | | |
|---|---|---|
| PAUL O'BEIRNE | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   2:15-cv-01330-RSL |
| TROY STAFFORD | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                 TROY STAFFORD
_____
_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | One Arizona Center 400 East Van Buren Street, Suite 1900 Phoenix, AZ 85004-2202 | Date and Time: 10/23/2018 9:00 am |
|---|---|---|

The deposition will be recorded by this method:   Stenographic

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/13/2018

_CLERK OF COURT_

                                                                          OR

_____                    _____
_Signature of Clerk or Deputy Clerk_                         _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Plaintiff
Paul O'Beirne
_____, who issues or requests this subpoena, are:
John Jamnback, Yarmuth Wilsdon, 1420 5th Ave., Ste. 1400, Seattle, WA 98101,206-516-3837,jjamnback@yarmuth.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 18

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:15-cv-01330-RSL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                      *Server's signature*

                                           _____
                                                      *Printed name and title*

                                           _____
                                                     *Server's address*

Additional information regarding attempted service, etc.:

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 19

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**DOCUMENTS TO BE PRODUCED**


**Definitions**


The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.


1.      Your federal and state income tax returns including all referenced forms and schedules for the tax years 2012 thru the present.


2.      All W-2's, 1099's, K1's and any other documents that show or relate to the payment of salaries, wages, and income or other financial distributions to you from any source for the years 2012 through the present.


3.      All credit and loan applications and supporting documents which you have submitted to any bank, lender, credit card company or other financial institution for the purpose of attempting to obtain credit or loans between January 1, 2012 and the present.


4.      All applications, originating documents and monthly statements for any and all bank accounts of any type or kind which you have held, whether individually, jointly with any other individual or on behalf of or jointly with any business entity of any type between January 1, 2012 and the present.


5.      All bank statements on which your name appears for any reason, whether individually or jointly with any other individual or on behalf of or jointly with any business entity of any type between January 1, 2012 and the present.

6.      All documents pertaining to your ownership interest in any real property held by you between January 1, 2012 and the present.

7.      All documents pertaining to your ownership, membership, and/or shareholder interest in any business entity, including but not limited to corporations, limited liability companies, partnerships, and sole proprietorships for the years 2012 through the present.

8.      All documents pertaining to the ownership of real property by any limited liability company, partnership, corporation, trust or other entity in which you have an ownership or membership or beneficiary interest of 5% or greater for the years 2012 through the present.

9.      All tax returns for any other business, limited liability company, corporation, partnership, or any other commercial entity, in which you had an ownership interest of 5% or greater for the tax years 2012 thru the present together with copies of any K-1 statements.

10.     All operating agreements, minutes, formation and governance documents, annual reports, budgets, and authorizations for each LLC, partnership or corporation that you have been an officer, member or more than 5 % shareholder from January 1, 2012 through the present.

11.     All formation and governance documents, annual reports, tax returns, budgets, and authorizations from January 1, 2012 through the present for any trust for which you are a trustee or beneficiary.

12.     All personal or business financial statements that you have prepared, or have been prepared for you, from January 1, 2012 to the present.

13.     All documents in your possession evidencing or relating to any positions, jobs or employment, including but not limited to volunteer work, management duties, board memberships, and administrative or executive positions that you have held from January 1, 2012 through the present.

14.     All documents referring or relating to your status or position as an officer, member, trustee, board member, executive or shareholder of any limited liability company, corporation partnership or other business organization from January 1, 2012 through the present.

15.     All documents evidencing or relating to any payments or distributions that you have received from any LLC, partnership, corporation, trust or person from January 1, 2012, to the present.

16.     All statements for any brokerage, investment or other financial institution account on which your name appears for any reason, whether individually or jointly with any other individual or on behalf of or jointly with any business entity of any type between January 1, 2012 and the present.

17.     All account documents and statements for any retirement accounts in your name, or in which you have any interest, for the period of January 1, 2012 and the present.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:15-cv-01330-RSL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Troy Stafford**
on *(date)* **09-13-2018**

☒ I served the subpoena by delivering a copy to the named individual as follows: **Handed a copy of the**
**Subpoena to Troy Stafford in the parking lot of 16440 North Scottsdale Road,**
**Scottsdale Arizona 85254 at 12:19 p.m.** on *(date)* **09-17-2018** ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00

I declare under penalty of perjury that this information is true.

Date:  **09-17-2018**

*Server's signature*

**Douglas D. Sarrett, Process Server, reg. MC-5534**
*Printed name and title*
**Victory Services, LLC**
**3223 E. Hillery Drive**
**Phoenix, Arizona  85032**
**602-404-2075**

*Server's address*

Additional information regarding attempted service, etc.:

**Circumstances of service:**

**The process server approached Troy Stafford as he was walking up to his vehicle in**
**the parking lot of 16440 North Scottsdale Road.  The process server recognized Mr.**
**Stafford based on his Arizona Motor Vehicle Division licensing photograph and he**
**recognized the vehicle as one that is registered to Xochitl Stafford, his wife.**

**The process server introduced himself as a process server and advised Troy Stafford**
**that he had a Subpoena for him.  Ms. Stafford took the Subpoena without comment.  Mr.**
**Stafford was then observed getting into his vehicle and leaving the parking lot.**

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 24

# **<u>EXHIBIT 6</u>**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| PAUL O'BEIRNE | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:15-cv-01330-RSL |
| TROY STAFFORD | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        XOCHITL STAFFORD

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | One Arizona Center<br>400 East Van Buren Street, Suite 1900<br>Phoenix, AZ 85004-2202 | Date and Time:<br><br>10/23/2018 2:00 pm |
|---|---|---|

The deposition will be recorded by this method:   Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/13/2018

|                    | *CLERK OF COURT* | | |
|---|---|---|---|
| | | OR | |
| *Signature of Clerk or Deputy Clerk* | | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiff
Paul O'Beirne                                                                         , who issues or requests this subpoena, are:

John Jamnback, Yarmuth Wilsdon, 1420 5th Ave., Ste. 1400, Seattle, WA 98101, 206-516-3837, jjamnback@yarmuth.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 26

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:15-cv-01330-RSL

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#9633;  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

&#9633;  I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 27

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 28

**EXHIBIT A**
**DOCUMENTS TO BE PRODUCED**


**Definitions**


The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.


1.      Your federal and state income tax returns including all referenced forms and schedules for the tax years 2012 thru the present.


2.      All W-2's, 1099's, K1's and any other documents that show or relate to the payment of salaries, wages, and income or other financial distributions to you from any source for the years 2012 through the present.


3.      All credit and loan applications and supporting documents which you have submitted to any bank, lender, credit card company or other financial institution for the purpose of attempting to obtain credit or loans between January 1, 2012 and the present.


4.      All applications, originating documents and monthly statements for any and all bank accounts of any type or kind which you have held, whether individually, jointly with any other individual or on behalf of or jointly with any business entity of any type between January 1, 2012 and the present.


5.      All bank statements on which your name appears for any reason, whether individually or jointly with any other individual or on behalf of or jointly with any business entity of any type between January 1, 2012 and the present.

6.      All documents pertaining to your ownership interest in any real property held by you between January 1, 2012 and the present.

7.      All documents pertaining to your ownership, membership, and/or shareholder interest in any business entity, including but not limited to corporations, limited liability companies, partnerships, and sole proprietorships for the years 2012 through the present.

8.      All documents pertaining to the ownership of real property by any limited liability company, partnership, corporation, trust or other entity in which you have an ownership or membership or beneficiary interest of 5% or greater for the years 2012 through the present.

9.      All tax returns for any other business, limited liability company, corporation, partnership, or any other commercial entity, in which you had an ownership interest of 5% or greater for the tax years 2012 thru the present together with copies of any K-1 statements.

10.     All operating agreements, minutes, formation and governance documents, annual reports, budgets, and authorizations for each LLC, partnership or corporation that you have been an officer, member or more than 5 % shareholder from January 1, 2012 through the present.

11.     All formation and governance documents, annual reports, tax returns, budgets, and authorizations from January 1, 2012 through the present for any trust for which you are a trustee or beneficiary.

12.     All personal or business financial statements that you have prepared, or have been prepared for you, from January 1, 2012 to the present.

13.     All documents in your possession evidencing or relating to any positions, jobs or employment, including but not limited to volunteer work, management duties, board memberships, and administrative or executive positions that you have held from January 1, 2012 through the present.

14.     All documents referring or relating to your status or position as an officer, member, trustee, board member, executive or shareholder of any limited liability company, corporation partnership or other business organization from January 1, 2012 through the present.

15.     All documents evidencing or relating to any payments or distributions that you have received from any LLC, partnership, corporation, trust or person from January 1, 2012, to the present.

16.     All statements for any brokerage, investment or other financial institution account on which your name appears for any reason, whether individually or jointly with any other individual or on behalf of or jointly with any business entity of any type between January 1, 2012 and the present.

17.     All account documents and statements for any retirement accounts in your name, or in which you have any interest, for the period of January 1, 2012 and the present.

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:15-cv-01330-RSL

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   **Xochitl Stafford**

on *(date)*   **09-13-2018**

☒ I served the subpoena by delivering a copy to the named individual as follows:   **Drop served a copy**
**of the Subpoena on Xochitl Stafford in the parking lot of 20511 North Hayden**
**Road, Scottsdale Arizona 85255 at 1:39 p.m.** on *(date)*   **09-17-2018** ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date:   **09-17-2018**

_____
*Server's signature*

**Thomas D. Sarrett, Process Server, reg. MC-7567**
*Printed name and title*
**Victory Services, LLC**
**3223 E. Hillery Drive**
**Phoenix, Arizona  85032**
**602-404-2075**

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Circumstances of service:**

**The process server approached Xochitl Stafford as she was walking up to her vehicle in**
**the parking lot of 20511 North Hayden Road.  The process server recognized Ms. Stafford**
**based on her Arizona Motor Vehicle Division licensing photograph and he recognized the**
**vehicle as one that is registered to Troy and Xochitl Stafford, also according to the**
**Arizona Motor Vehicle Division.**

**The process server introduced himself as a process server and advised Xochitl Stafford**
**that he had a Subpoena for her.  Ms. Stafford replied, "Umm...  No thank you," and**
**turned to get in to her vehicle.  The process server then tossed the Subpoena on the**
**driver's seat through the open driver's door and advised Ms. Stafford that she was**
**served.  Ms. Stafford then entered her vehicle and was seen leaving the parking lot.**

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 32

# **EXHIBIT 7**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL O',BEIRNE

       Plaintiff,

Vs.

TROY STAFFORD,

       Defendant.

)
)
)
)     No. 2:15-cv-01330-RSL
)     (Lasnik)
)
)
)

                RESPONSE TO SUBOENA, Dated 9/13/2018

09/30/18

TO:
**Jeremy Roller, Esq.**
**Yarmuth Wilsdon, PLLC**
818 Stewart St, Ste 1400
Seattle, WA 98101
Fax (206) 516-3888

_COPIED TO:_
s/ Honorable Robert S. Lasnik
United States District Judge
United States Courthouse
700 Stewart Street, Suite 15128
Seattle, WA 98101 - 9906
Chambers: (206) 370-8810

    We, the Defendants, Troy D. Stafford and Xochitl B. Stafford, will be unable to attend depositions at this time. It has come to our attention that our phones were illegally "pinged" several times by an outside source on the 17th of September 2018; the day we were served. We understand that this is criminal activity on the part of the server and others associated with this case. We are having a very thorough review of our phones conducted by a Phone Forensics Expert and we are retrieving the detail communications log of our phones from the phone service provider.

    As you know, the law protects us from providing information to and from meeting with people that we believe have engaged in criminal activity, against us. We will be turning all of our findings over to the Attorney Generals Office, Federal Trade Commission and the local Law Enforcement. Until such time as we have identified all involved with these illegal actions against us, we will not be providing information or meeting with you on October 23. This is a huge violation of our privacy and we need to understand the level at which our rights were violated. We will be opening a case with the local law enforcement agencies immediately.

Sincerely,

THE DEFENDENTS

Troy D. Stafford and Xochitl B. Stafford

       Case   No. 2:15-cv-01330-RSL     **Page 1 of 1**
DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 34

# **EXHIBIT 8**



YARMUTH WILSDON PLLC
ATTORNEYS AT LAW

John H. Jamnback
DIRECT 206.516.3837
jjamnback@yarmuth.com

October 2, 2018

**VIA E-MAIL, TELEFAX and U.S. MAIL**

Troy Stafford
9439 E. Trailside View
Scottsdale, AZ  85255

15560 N. Frank Lloyd Wright Blvd.
Suite B4-299
Scottsdale, AZ 85260

Email:  tstafford4@icloud.com
          troy@gscapital.us

Telefax:  623-321-1175

    Re:  *Paul O'Beirne v. Troy Stafford, Case No. C15-1330-RSL*
       United States District Court for the Western District of Washington

Dear Mr. Stafford:

   We received your faxed correspondence dated October 1, 2018, acknowledging that you and your wife Xochitl Stafford were personally served with deposition subpoenas in the above referenced case.  You incorrectly identify your wife as a defendant in this case.  You are the named defendant, and Xochitl Stafford was served with a subpoena as a witness.

   As set forth in the subpoenas, your deposition is scheduled for October 23, 2018 at 9:00 am, and your wife's deposition is scheduled for the same day at 2:00 pm.  If you and your wife are unavailable on that date, I am willing to reschedule your depositions to a mutually agreeable date within the next 30 days.  If you wish to reschedule, please contact me by telephone or email (both are listed above) by no later than close of business October 11, 2018 with your available dates, and I will try to accommodate you.  Otherwise, you and your wife remain subject to the subpoenas, and I will expect to see you on October 23, 2018 at the stated times.  If you and your wife do not comply with the subpoenas, we will request the court to hold you in contempt and seek additional assistance from the court to enforce the subpoenas.  If you have any questions regarding your obligation to comply with the subpoenas, and the consequences for failing to do so, you should consult your own attorney.

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
NO. 2:15-cv-01330-RSL – Page 36

Troy Stafford
October 2, 2018
Page 2


      With regard to your allegation that the process server engaged in improper and/or illegal conduct in serving the subpoenas, please provide my name and number to any law enforcement personnel that you have asked to investigate the matter.  I'll be happy to cooperate, and will provide them with the contact information for the process server.

                              Sincerely,

                              John H. Jamnback

# **EXHIBIT 9**

# Statement of Nonappearance re Troy Stafford

# O'Beirne v. Stafford

# October 23, 2018



**206.287.9066 I 800.846.6989**
1325 Fourth Avenue, Suite 1840, Seattle, Washington 98101
**www.buellrealtime.com**
email: info@buellrealtime.com



DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL

Page 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

PAUL O'BEIRNE,           )
                         ) Civil Action No.
        Plaintiff,       ) 2:15-cv-01330-RSL
                         )
vs.                      )
                         )
TROY STAFFORD,           )
                         )
        Defendant.       )
_____)

STATEMENT OF NONAPPEARANCE
REGARDING
TROY STAFFORD
Phoenix, Arizona
October 23, 2018
9:18 a.m.

Prepared by:
JARDENE L. PLATT, RPR
AZ Certificate No. 50937

Page 2

```
 1                  E X H I B I T S
 2    NO.           DESCRIPTION            PAGE
 3    Exhibit 1  Subpoena to Testify at a Deposition    4
                 in a Civil Action.
 4
 5    Exhibit 2  Proof of Service.            4
 6
      Exhibit 3  Response to Suboena [sic].       5
 7
      Exhibit 4  October 2, 2018 letter to Troy   5
 8               Stafford from John H. Jamnback.
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

```
 1    REPORTER'S TRANSCRIPT OF PROCEEDINGS
 2    IN RE DEPOSITION OF TROY STAFFORD commencing at 9:18
 3    a.m. on October 23, 2018, at Snell & Wilmer, LLP,
 4    400 East Van Buren Street, Phoenix, Arizona, before
 5    JARDENE L. PLATT, a Certified Reporter, Certificate
 6    No. 50937, for the State of Arizona.
 7
 8          * * * *
 9        A P P E A R A N C E S
10
      FOR THE PLAINTIFF:
11
      YARMUTH WILSDON PLLC
12    BY:  JOHN JAMNBACK, ESQ.
      1420 Fifth Avenue, Suite 1400
13    Seattle, Washington  98101
      (206) 516-3800
14    jjamnback@yarmuth.com
15
16
17
18
19
20
21
22
23
24
25
```

Page 4

```
 1             Phoenix, Arizona
               October 23, 2018
 2               9:18 a.m.
 3
 4         MR. JAMNBACK:  We are on the record for
 5    the deposition of Troy Stafford.  It is currently
 6    9:18 a.m. for the deposition of that was noted for
 7    9:00 a.m. on today, October 23rd, 2018.
 8         The witness has not showed or notified us
 9    that he was delayed or otherwise not going to attend
10    today except as set forth in a letter, which I will
11    introduce into the record.
12         I would like the court reporter to mark as
13    Exhibit 1 the subpoena.
14         (Exhibit 1 was marked for
15    identification and is attached hereto.)
16         MR. JAMNBACK:  This document provides for
17    Troy Stafford to appear on October 23rd, 2018 at
18    9:00 a.m. at the offices of Snell & Wilmer, One
19    Arizona Center, 400 East Van Buren Street, Suite
20    1900, Phoenix, Arizona and asks him also to provide
21    a series of documents pertaining to his financial
22    status attached as Exhibit A.
23         (Exhibit 2 was marked for
24    identification and is attached hereto.)
25         MR. JAMNBACK:  Exhibit 2 is the proof of
```

1 (Pages 1 to 4)

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O.B.EIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 40

Page 5

1   service to Troy Stafford.  Mr. Stafford was served
2   in person according to the proof of service on
3   September 13, 2018.
4        (Exhibit 3 was marked for
5        identification and is attached hereto.)
6        MR. JAMNBACK:  Deposition Exhibit 3 is a
7   response to the subpoena, purportedly from Troy
8   Stafford dated October 1, 2018 directed to my
9   partner, Jeremy Roller.  It was sent by fax and also
10  copied to Judge Robert S. Lasnik, the presiding
11  judge in this case.
12       Exhibit 3 notes that the defendants state
13  they will be unable to attend the depositions noted
14  on this date.  They claim illegal activity by the
15  process server and indicated they would be opening a
16  case with local law enforcement.
17       (Exhibit 4 was marked for
18       identification and is attached hereto.)
19       MR. JAMNBACK:  Exhibit 4 is my response to
20  Mr. Stafford dated October 2, 2018.  It's a letter
21  responding to Exhibit 3 indicating we received his
22  fax correspondence and noting if he had any issues
23  with the process server, that my law firm would be
24  happy to cooperate with law enforcement and
25  indicating that if he was not available on

Page 6

1   October 23rd, we were willing to reschedule to an
2   agreeable date within the next 30 days.
3   Mr. Stafford did not respond.
4        It is now 9:22 a.m. and we are going off
5   the record.
6        (At the hour of 9:22 A.M., the
7        proceedings were adjourned.)
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 7

1   STATE OF ARIZONA     )
                         ) ss.
2   COUNTY OF MARICOPA   )
3
4        I, JARDENE L. PLATT, RPR, Certified Court
5   Reporter for the State of Arizona, do hereby certify:
6        That the foregoing proceedings were taken down
7   by me stenographically and thereafter transcribed via
8   computer-aided transcription under my direction and is
9   a true record of the proceedings held to the best of
10  my skill and ability;
11       I FURTHER CERTIFY that I am neither counsel for
12  nor related to any party to said action, nor in
13  anywise interested in the outcome thereof.
14       DATED this 2nd of November, 2018.
15
16
17
18
     _____
19   JARDENE L. PLATT, RPR
     Certified Court Reporter No. 50937
     For the State of Arizona
20
21
22
23
24
25

Page 8

1        COURT REPORTER AND
2   REGISTERED REPORTING FIRM DISCLOSURE
3
4
5   The foregoing proceedings were taken in compliance
6   with the Arizona Code of Judicial Administration,
7   Section 7-206 (F)(3) and (J)(1)(G)(1) and (2).
8
9
10
11  JARDENE L. PLATT     BARTELT REPORTING, LLC
    Court Reporter       Registered Reporting Firm
12  Certificate No. 50937    RRF No. R1028
13
14
15
16
17
18
19
20
21
22
23
24
25

2 (Pages 5 to 8)

Statement of Nonappearance re Troy Stafford - 10/23/2018

7

```
 1    STATE OF ARIZONA      )
                            ) ss.
 2    COUNTY OF MARICOPA    )

 3

 4         I, JARDENE L. PLATT, RPR, Certified Court

 5    Reporter for the State of Arizona, do hereby certify:

 6         That the foregoing proceedings were taken down

 7    by me stenographically and thereafter transcribed via

 8    computer-aided transcription under my direction and is

 9    a true record of the proceedings held to the best of

10    my skill and ability;

11         I FURTHER CERTIFY that I am neither counsel for

12    nor related to any party to said action, nor in

13    anywise interested in the outcome thereof.

14         DATED this 2nd of November, 2018.

15

16

17

18         _____
           JARDENE L. PLATT, RPR
19         Certified Court Reporter No. 50937
           For the State of Arizona
20

21

22

23

24

25
```

DECL. OF
O'BEIRNE
NO. 2:15-cv-

**BUELL**
REALTIME REPORTING

**COURT REPORTING
AND LEGAL VIDEO**

**206.287.9066**
buellrealtime.com

1325 Fourth Avenue, Suite 1840
Seattle, Washington 98101

Statement of Nonappearance re Troy Stafford - 10/23/2018

8

COURT REPORTER AND

REGISTERED REPORTING FIRM DISCLOSURE

The foregoing proceedings were taken in compliance

with the Arizona Code of Judicial Administration,

Section 7-206 (F)(3) and (J)(1)(G)(1) and (2).


JARDENE L. PLATT
Court Reporter
Certificate No. 50937

BARTELT REPORTING, LLC
Registered Reporting Firm
RRF No. R1028

DECL. OF J
O'BEIRNE
NO. 2:15-cv

buell
REALTIME REPORTING

COURT REPORTING
AND LEGAL VIDEO

206.287.9066
buellrealtime.com

1325 Fourth Avenue, Suite 1840
Seattle, Washington 98101

# **EXHIBIT 10**

# Statement of Nonappearance re Xochitl Stafford

# O'Beirne v. Stafford

# October 23, 2018



**206.287.9066 I 800.846.6989**
1325 Fourth Avenue, Suite 1840, Seattle, Washington 98101
**www.buellrealtime.com**
email: info@buellrealtime.com



DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
O'BEIRNE'S MOTION TO COMPEL
NO. 2:15-cv-01330-RSL – Page 45

Page 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

PAUL O'BEIRNE,            )
                         ) Civil Action No.
       Plaintiff,   ) 2:15-cv-01330-RSL
                         )
vs.                      )
                         )
TROY STAFFORD,           )
                         )
       Defendant.   )
_____)

STATEMENT OF NONAPPEARANCE
REGARDING
XOCHITL STAFFORD
Phoenix, Arizona
October 23, 2018
2:16 p.m.

Prepared by:
JARDENE L. PLATT, RPR
AZ Certificate No. 50937

---

Page 3

1    REPORTER'S TRANSCRIPT OF PROCEEDINGS
2    IN RE DEPOSITION OF XOCHITL STAFFORD commencing at
3    2:16 p.m. on October 23, 2018, at Snell & Wilmer,
4    LLP, 400 East Van Buren Street, Phoenix, Arizona,
5    before JARDENE L. PLATT, a Certified Reporter,
6    Certificate No. 50937, for the State of Arizona.
7
8                    * * * *
9        A P P E A R A N C E S
10
        FOR THE PLAINTIFF:
11
        YARMUTH WILSDON PLLC
12      BY:  JOHN JAMNBACK, ESQ.
        1420 Fifth Avenue, Suite 1400
13      Seattle, Washington  98101
        (206) 516-3800
14      jjamnback@yarmuth.com
15
16
17
18
19
20
21
22
23
24
25

---

Page 2

1                E X H I B I T S
2    NO.           DESCRIPTION              PAGE
3    Exhibit 1  Subpoena to Testify at a Deposition    4
               in a Civil Action.
4
5    Exhibit 2  Proof of Service.              4

     Exhibit 3  Response to Suboena [sic].      5
6
     Exhibit 4  October 2, 2018 letter to Troy    5
7               Stafford from John H. Jamnback.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

---

Page 4

1              Phoenix, Arizona
              October 23, 2018
              2:16 p.m.
2
3
4        MR. JAMNBACK:  This is the deposition of
5    Xochitl Stafford which was noted for today,
6    October 23rd at 2:00 p.m.  It is now by my clock
7    2:15 p.m. and Ms. Stafford has not appeared.
8        I'm going to introduce a number of
9    exhibits.  Exhibit No. 1 is the subpoena to testify
10   at a deposition directed to Ms. Stafford, noting
11   this date and location.
12       (Exhibit 1 was marked for
13   identification and is attached hereto.)
14       MR. JAMNBACK:  Exhibit 2 is the proof of
15   service dated 9-13-2018 signed by the process server
16   on 9-17-2018, noting personal service was
17   accomplished.
18       (Exhibit 2 was marked for
19   identification and is attached hereto.)
20       MR. JAMNBACK:  Exhibit 3 is a letter
21   from -- signed by Ms. Stafford and her husband, Troy
22   Stafford, directed to my partner, Jeremy Roller, and
23   Judge Robert Lasnik, the presiding judge in this
24   case, noting that they would not be attending.
25

1  (Pages 1 to 4)

Page 5

1          (Exhibit 3 was marked for
2     identification and is attached hereto.)
3          MR. JAMNBACK:  And Exhibit 4 is my letter
4     in response to that letter from the Staffords dated
5     October 2, 2018 indicating that I received their
6     response and asking them if they would like to
7     reschedule for another date which would be
8     reasonable for their schedules.
9          (Exhibit 4 was marked for
10    identification and is attached hereto.)
11         MR. JAMNBACK:  I will note for the record
12    that since sending that letter I have not heard from
13    Ms. Stafford or her husband.  They have not called
14    me today to request further continuance of their
15    noticed depositions.
16         That concludes the record.
17         (At the hour of 2:19 P.M., the
18    proceedings were adjourned.)
19
20
21
22
23
24
25

Page 7

1          COURT REPORTER AND
2     REGISTERED REPORTING FIRM DISCLOSURE
3
4
5     The foregoing proceedings were taken in compliance
6     with the Arizona Code of Judicial Administration,
7     Section 7-206 (F)(3) and (J)(1)(G)(1) and (2).
8
9
10    _____
11    JARDENE L. PLATT       BARTELT REPORTING, LLC
      Court Reporter         Registered Reporting Firm
12    Certificate No. 50937     RRF No. R1028
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 6

1     STATE OF ARIZONA     )
                           ) ss.
2     COUNTY OF MARICOPA   )
3
4          I, JARDENE L. PLATT, RPR, Certified Court
5     Reporter for the State of Arizona, do hereby certify:
6          That the foregoing proceedings were taken down
7     by me stenographically and thereafter transcribed via
8     computer-aided transcription under my direction and is
9     a true record of the proceedings held to the best of
10    my skill and ability;
11         I FURTHER CERTIFY that I am neither counsel for
12    nor related to any party to said action, nor in
13    anywise interested in the outcome thereof.
14         DATED this 2nd of November, 2018.
15
16
17
18
      _____
19    JARDENE L. PLATT, RPR
      Certified Court Reporter No. 50937
      For the State of Arizona
20
21
22
23
24
25

2  (Pages 5 to 7)

Statement of Nonappearance re Xochitl Stafford - 10/23/2018

6

```
1    STATE OF ARIZONA        )
                             ) ss.
2    COUNTY OF MARICOPA      )

3

4         I, JARDENE L. PLATT, RPR, Certified Court

5    Reporter for the State of Arizona, do hereby certify:

6         That the foregoing proceedings were taken down

7    by me stenographically and thereafter transcribed via

8    computer-aided transcription under my direction and is

9    a true record of the proceedings held to the best of

10   my skill and ability;

11        I FURTHER CERTIFY that I am neither counsel for

12   nor related to any party to said action, nor in

13   anywise interested in the outcome thereof.

14        DATED this 2nd of November, 2018.

15

16

17                    _____

18                    JARDENE L. PLATT, RPR
                      Certified Court Reporter No. 50937
19                    For the State of Arizona

20

21

22

23

24

25
```

**buell**
REALTIME REPORTING

COURT REPORTING
AND LEGAL VIDEO

206.287.9066
buellrealtime.com
1325 Fourth Avenue, Suite 1840
Seattle, Washington 98101

7

1                    COURT REPORTER AND

2          REGISTERED REPORTING FIRM DISCLOSURE

3

4

5   The foregoing proceedings were taken in compliance

6   with the Arizona Code of Judicial Administration,

7   Section 7-206 (F)(3) and (J)(1)(G)(1) and (2).

8

9

10  _____        _____

11  JARDENE L. PLATT             BARTELT REPORTING, LLC
    Court Reporter              Registered Reporting Firm
12  Certificate No. 50937       RRF No. R1028

13

14

15

16

17

18

19

20

21

22

23

24

25

BUELL
REALTIME REPORTING

COURT REPORTING
AND LEGAL VIDEO

206.287.9066
buellrealtime.com
1325 Fourth Avenue, Suite 1840
Seattle, Washington 98101

# **EXHIBIT 11**



YARMUTH WILSDON PLLC
ATTORNEYS AT LAW

John H. Jamnback
DIRECT 206.516.3837
jjamnback@yarmuth.com

December 12, 2018

**VIA E-MAIL, TELEFAX and U.S. MAIL**

Troy Stafford                                    15560 N. Frank Lloyd Wright Blvd.
9439 E. Trailside View                           Suite B4-299
Scottsdale, AZ  85255                            Scottsdale, AZ 85260

Email:  tstafford4@icloud.com
        troy@gscapital.us

Telefax:  623-321-1175

        Re:   *Paul O'Beirne v. Troy Stafford, Case No. C15-1330-RSL*
              United States District Court for the Western District of Washington

Dear Mr. Stafford:

        I am writing with regard to your failure to appear for your deposition on October 23, 2018, and to request a telephonic conference to discuss this discovery issue with you or your attorney if you have retained one.  Please let me know your availability for a call on December 17 or 18, 2018, and provide me with a telephone number to reach you.  My email and direct dial are noted above.  If we are unable to resolve this discovery dispute, we will move the court for an order compelling your deposition, and request attorney's fees and costs.

        As you know, in December 2016, Mr. O'Beirne was awarded a judgment against you in the amount of one million nine hundred thirty-two thousand five hundred dollars ($1,932,500.00), plus costs in the amount of five hundred ninety-five dollars ($595.00), and post-judgment interest from the date of judgment.  If you would like to make a proposal to resolve this judgment, we can discuss that as well.

                                        Sincerely,

                                        John H. Jamnback

T 206.516.3800
F 206.516.3888

DECL. OF JOHN H. JAMNBACK IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL
NO: 2:15-cv-01330-RSL – Page 51

1420 FIFTH AVENUE, SUITE 1400   |   SEATTLE, WASHINGTON 98101                          www.yarmuth.com