# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

PAUL O'BEIRNE,

    Plaintiff,

v.

TROY STAFFORD,

    Defendant.

NO. C15-1330RSL

ORDER TO SHOW CAUSE

This matter comes before the Court on "Plaintiff Paul O'Beirne's Motion for Order to Show Cause." Dkt. # 57. On January 28, 2019, the Court ordered defendant to contact plaintiff's counsel, appear for a deposition, and produce documents. Defendant was advised "that his failure to comply with this order, appear for his deposition, and produce the requested documents may result in a finding of contempt of Court against him, and may subject him to severe sanctions, up to and including arrest." Dkt. # 53 at 1-2.

Plaintiff has provided evidence that defendant failed to comply with the Court's order and seeks an order requiring defendant to appear and show cause why he should not be held in contempt.

> There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt. . . . And it is essential that courts be able to compel the appearance and testimony of witnesses. . . . Where contempt consists of a refusal to obey a court order to testify at any stage in judicial

ORDER TO SHOW CAUSE - 1

proceedings, the witness may be confined until compliance. The conditional nature of the imprisonment - based entirely upon the contemnor's continued defiance - justifies holding civil contempt proceedings absent the safeguards of indictment and jury, . . . provided that the usual due process requirements are met.

Shillitani v. U.S., 384 U.S. 364, 370-71 (1966) (internal footnotes and citations omitted). Contempt sanctions "designed to compel future compliance with a court order" are considered civil in nature and "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827 (1994). While due process does not require a full-blown evidentiary hearing before finding a party in civil contempt, the Ninth Circuit does "not encourage the imposition of contempt sanctions 'on the papers.'" U.S. v. Ayres, 166 F.3d 991, 995-96 (9th Cir. 1999).

Although the evidence of defendant's contempt is uncontested on the current record,[1] the Court will offer defendant one last opportunity to comply with the Court's prior order and to show cause why he should not be held in contempt of Court. Defendant is therefore **ORDERED to appear on Friday, November 1, 2019, at 9:00 am** in the United States District Courthouse at 700 Stewart Street, Seattle, Washington, Courtroom 15106 and show cause why he should not be found in contempt. Defendant shall be prepared to sit for his deposition and produce the requested documents at that time. If defendant fails to appear as ordered on November 1, 2019, at 9:00 am, a bench warrant for his arrest will be issued. Upon his arrest, defendant will be brought before the Court to address the civil contempt issue. If the Court is not immediately available to conduct a contempt hearing following defendant's arrest, defendant shall be

---

[1] The party alleging civil contempt has the burden of proving by clear and convincing evidence that the alleged contemnor violated a specific and definite court order by failing to take all reasonable steps within its power to comply. See In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993).

ORDER TO SHOW CAUSE - 2

incarcerated until such time as the Court can conduct a civil contempt hearing.

The Clerk of Court is directed to serve a copy of this Order on defendant at the following addresses:

| | |
|---|---|
| 15560 N. Frank Lloyd Wright<br>Suite B4-299<br>Scottsdale, AZ 85260 | 9439 E. Trailside View<br>Scottsdale, AZ 85255 |
| tstafford4@icloud.com | troy@gscapital.us |

Dated this 27th day of September, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 3