The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL O'BEIRNE, an individual,

Plaintiff,

v.

TROY STAFFORD, an individual,

Defendant.

No. 2:15-cv-01330-RSL

**PLAINTIFF'S MOTION TO ISSUE ARREST ORDER FOR CRIMINAL CONTEMPT**

NOTE ON MOTION CALENDAR:
November 27, 2020

***WITHOUT ORAL ARGUMENT***

## I.     INTRODUCTION

On November 1, 2019, this Court issued a minute order finding Defendant Troy Stafford ("Stafford") in civil contempt of Court for his failure to comply with the Court's January 28, 2019 order directing his appearance for a deposition in Seattle, Washington. Dkt. # 61.  The Court also issued a civil contempt arrest warrant directing any authorized law enforcement office to arrest him and bring him to the Court to address his civil contempt.  Dkt. # 62.

In the time since the Court's finding of civil contempt and issuance of the arrest warrant, Stafford has not turned himself in, or taken any steps to comply with the Court's

PLAINTIFF'S MOTION TO ISSUE ARREST
ORDER FOR CRIMINAL CONTEMPT
No. 2:15-cv-01330-RSL - Page 1

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

orders or otherwise purge himself of the Court's civil contempt order. On information and belief, Stafford is currently residing in the Phoenix, Arizona area. Plaintiff provided the United States Marshall's office in Phoenix Arizona with the arrest warrant and information concerning Stafford's location. However, the United States Marshall's office in Arizona declined to arrest Stafford and returned the warrant unexecuted because it believes that it is not permitted to serve the warrant outside of the Western District of Washington pursuant to Fed. R. Civ. P. 4.1(b). Dkt. # 63.

As set forth *infra*, that determination by the Arizona United States Marshall's office is debatable, but the fact is that the warrant has been returned unexecuted, and the Marshall's office has taken the position that it cannot serve it in Arizona. Because Stafford continues to defy this Court's authority and is apparently beyond the reach of the civil contempt arrest warrant, Plaintiff requests that the Court issue a criminal contempt arrest warrant.

## II. FACTUAL BACKGROUND

This case began with Stafford's breach of his contractual obligations to repay $350,000.00 that he borrowed from Plaintiff Paul O'Beirne ("Plaintiff" or "O'Beirne") in 2010. As initially agreed between the parties, the loan was for a short-term (four months) and was to be paid back with a modest return ($55,000.00 in cash or stock). After Stafford failed to repay the loan within four months, O'Beirne and Stafford subsequently agreed that an additional $20,500.00 would accrue for every future month that the original loan remained unpaid. However, Stafford failed to meet the terms of the revised agreement. making only one $10,000.00 payment in May 2014. Dkt. # 40.

When Stafford refused to make any addition payments on the loan, O'Beirne filed this lawsuit in August 2015. Dkt. # 1. Stafford filed an Answer in January 2016, consenting to personal jurisdiction and admitting that he did not repay the loan. Dkt. # 10.

PLAINTIFF'S MOTION TO ISSUE ARREST
ORDER FOR CRIMINAL CONTEMPT
No. 2:15-cv-01330-RSL - Page 2

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

1  Subsequently this Court entered judgment in favor of O'Beirne against Stafford in the
2  amount of $1,932,500.00 on December 2016. Dkt. # 42.
3        Stafford refused to respond to O'Beirne's requests that he pay the judgment or
4  answer the written discovery in aid of execution of judgment sent to him by O'Beirne's
5  attorney. Mail sent to his last known address was returned. In an effort to collect the
6  judgment, O'Beirne hired investigators to attempt to locate Stafford and serve him with a
7  subpoena. Dkt. # 50. In September 2018, Stafford was personally served with a deposition
8  subpoena. Dkt. # 50. He acknowledged receipt but failed to show up. Dkt. # 50.
9        This Court then granted O'Beirne's motion to compel and ordered Stafford to
10  contact O'Beirne's attorney, before February 11, 2019, to schedule a time to appear for his
11  deposition (and produce requested documents) at the attorney's office in Seattle, with the
12  deposition to occur on or before March 1, 2019. Dkt. # 53. In pertinent part, the order
13  explained failure to comply may result in "severe sanctions, up to and including arrest."
14  Dkt. # 53. Stafford was served with the Order at his address of record on file with the
15  Court, and it was also sent to his last known physical address and his last known email, but
16  he did not contact O'Beirne's attorney, or appear for a deposition as ordered. Declaration
17  of John H. Jamnback ("Jamnback Decl."). Dkt. # 58 ¶¶ 5 – 8.
18        This Court issued an Order on September 27, 2019 directing Stafford to appear in
19  Court on November 1, 2019 and show cause why he should not be held in contempt. Dkt. #
20  59. Stafford again failed to appear, the Court found him in contempt, and issued the civil
21  contempt arrest warrant directing "any authorized law enforcement officer" to arrest
22  Stafford and transport him to the Western District of Washington Court for a contempt
23  hearing. Dkt. # 62. After some apparent delay in receiving the arrest warrant, the United
24  States Marshall's office in Arizona returned the warrant unexecuted on August 11, 2020,
25  noting as follows: "Returned unexecuted per FRCP 4.1(b) person identified on warrant not
26  residing within the Western District of Washington." Dkt. # 63.

PLAINTIFF'S MOTION TO ISSUE ARREST
ORDER FOR CRIMINAL CONTEMPT
No. 2:15-cv-01330-RSL - Page 3

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

### III. ARGUMENT AND AUTHORITY

A. **Service of a Civil Contempt Arrest Warrant.**

Fed. R. Civ. P. 41 (b) provides as follows:

> ENFORCING ORDERS: COMMITTING FOR CIVIL CONTEMPT. An order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district. Any other order in a civil-contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued.

The Arizona United States Marshall's Service has taken the position that the civil contempt arrest order may not be served outside of Washington, apparently based on its interpretation that this Court's contempt warrant for failure to comply with federal court orders is not contempt of a "decree or injunction issued to enforce federal law." In other words, in the view of the Marshall's service, the Court's arrest order based on a finding of civil contempt for Stafford's failure to comply with the Court's order directing him to appear was not issued "to enforce federal law."

There does not appear to be a definitive appellate court decision on this issue, and the district court case law is split. As noted by the court in *Korrey v. Ferguson*, No. 1:10-CV-755, 2014 U.S. Dist. LEXIS 203349, at *7-9 (W.D. Mich. Feb. 26, 2014) "[t]he proper construction of Rule 4.1(b) remains an issue of fair debate. There is no clearly established authority from the Supreme Court or from any Circuit of the Court of Appeals on how to apply Rule 4.1(b) in this unique context." On one side, there is *Spectacular Venture, LP v. World Star Int'l, Inc.*, 927 F. Supp. 683, 685-86 (S.D.N.Y. 1996), in which the court concluded that it could not enforce a civil arrest warrant for contempt in a diversity action. The conduct at issue in that case supporting the underlying contempt was the defendant's

PLAINTIFF'S MOTION TO ISSUE ARREST ORDER FOR CRIMINAL CONTEMPT
No. 2:15-cv-01330-RSL - Page 4

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

failure to make payments incorporated into a consent judgment. However, unlike this Court's orders to Stafford, the Court in *Spectacular Venture* had not issued a separate order directing the defendants to sit for debtor's exams, submit asset information, or otherwise follow normal judgment collection protocols under Rule 69. *Id.*

By contrast, in *CE Int'l Res. Holdings LLC v. S.A. Minerals, Ltd.,* 2013 U.S. Dist. LEXIS 21798, (S.D.N.Y. Jan. 24, 2013), the district court in the same jurisdiction found it had the power to enforce a civil contempt arrest warrant throughout the United States even though the underlying dispute was a simple contract action. *CE Int'l Res. Holdings LLC* at *7 citing *FTC v. Verity Int'l, Ltd.*, 140 F. Supp. 2d 313, 318 (S.D.N.Y. 2001). The underlying contempt in *CE Int'l Res. Holdings LLC* involved violation of an interim order to post security, or to refrain from transferring assets. The Court's orders violated by Stafford in this case are more like the orders in *CE Int'l* than the simple failure to make judgment payments in *Spectacular Venture*.

Judge Jonker of the United States District Court for the Western District of Michigan summarized the issue as follows:

> The proper construction of Rule 4.1(b) remains an issue of fair debate. There is no clearly established authority from the Supreme Court or from any Circuit of the Court of Appeals on how to apply Rule 4.1(b) in this unique context. The best course is to permit each jurisdiction in which the issue may be raised to make the call as it sees fit. The warrants are valid on their face and can be enforced without objection even on Defendants' theory within Michigan (or the 100-mile bulge). There is also good faith reason to believe that Rule 4.1(b) permits nationwide enforcement in this case, when the arrest warrant is based a civil contempt order for (1) direct violations of multiple court orders under Rule 69 that attempt to enforce (2) a federal judgment (3) entered by consent of the parties (4) to enforce a settlement agreement, and (5) in which the parties further expressly consented to the jurisdiction of this Court to enforce the overall settlement.

*Korrey v. Ferguson*, No. 1:10-CV-755, 2014 U.S. Dist. LEXIS 203349, at *9 (W.D. Mich. Feb. 26, 2014).

PLAINTIFF'S MOTION TO ISSUE ARREST
ORDER FOR CRIMINAL CONTEMPT
No. 2:15-cv-01330-RSL - Page 5



1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

B. **The Court Should Issue a Criminal Contempt Arrest Order**.

Despite it being a "fair issue of debate" the fact is that the Marshall's Service has declined to serve the warrant leaving O'Beirne unable to obtain the relief ordered by the Court, and the Court unable to compel Stafford to appear to answer the allegation of contempt. Accordingly, O'Beirne requests that this Court issue a criminal contempt arrest order.

In addition to its civil contempt power, the Court may also punish disobedience of court order through criminal contempt proceedings. *United States v. Rose*, 806 F.2d 931, 933 (9th Cir. 1986). 18 U.S.C. § 401 provides in relevant part that that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as … (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." A contempt order is criminal in nature if it "is punitive, [designed] to vindicate the authority of the court." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911). Because the difference between civil and criminal contempt is the intended effect of the punishment, the same conduct may result in both civil and criminal contempt. *See United States v. Powers*, 629 F.2d 619, 627 (9th Cir 1980) ("Actions and proceedings need not be wholly civil or wholly criminal and the choice of one label does not prevent application of both forms of contempt punishment.").

In order to establish criminal contempt under 18 U.S.C. § 401(3), the Court must find beyond a reasonable doubt that (1) the Court entered a lawful order of reasonable specificity; (2) the accused violated the order; and (3) the violation was willful. *United States v. Turner*, 812 F.2d 1552, 1563 (11th Cir 1987). "Willfulness in this context means a deliberate or intended violation, as distinguished form an accidental, inadvertent, or negligent violation of the order." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 782 (9th Cir. 1983). Fed. R. Crim. P. 42(a)(1) further provides that a defendant in a

PLAINTIFF'S MOTION TO ISSUE ARREST
ORDER FOR CRIMINAL CONTEMPT
No. 2:15-cv-01330-RSL - Page 6

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

criminal contempt proceeding must be given notice of the essential facts forming the basis of the criminal contempt charge "in open court, in an order to show cause, <u>or in an arrest order</u>." (emphasis added).

In this case, the Court should issue a criminal arrest order for Stafford which would simply give effect to the previously issued civil contempt arrest order outside the state of Washington. The essential facts forming the basis of the criminal contempt charge are well documented as set forth *supra and* included in the accompanying proposed order. Upon his arrest, Stafford can be brought before this Court to schedule his criminal contempt trial, and conditions of his release pending his trial.

Alternatively, the O'Beirne requests that the issue yet another show cause order, which Stafford would undoubtably ignore, setting forth the same essential facts, and then issue the criminal arrest order.

C. **<u>Appointment of a Prosecutor</u>**.

Criminal contempt requires the Court to administer an additional step -- the appointment of a government prosecutor, or an alternative attorney, to prosecute the contempt charge.

Rule 42 (a)(2) states as follows:

> *Appointing a Prosecutor.* The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.

O'Beirne certainly has no objection to this matter being prosecuted by an attorney for the government. However, if the Court determines it is in the interest of justice, or the government declines to prosecute this matter, counsel for O'Beirne is prepared to prosecute Stafford's contempt.

PLAINTIFF'S MOTION TO ISSUE ARREST
ORDER FOR CRIMINAL CONTEMPT
No. 2:15-cv-01330-RSL - Page 7



1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888


## IV. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court issue an arrest order pursuant to Fed. R. Crim. P. 42(a)(1) directing the US Marshall's Service to arrest Stafford and transport him to this Court for a hearing regarding his contempt of court. A proposed order is provided herewith.

DATED: November 6, 2020

YARMUTH LLP

By: */s/ John H. Jamnback*
    John H. Jamnback, WSBA No. 29872
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
206.516.3800
206.516.3888 (facsimile)
jjamnback@yarmuth.com

*Attorneys for Plaintiff Paul O'Beirne*

PLAINTIFF'S MOTION TO ISSUE ARREST
ORDER FOR CRIMINAL CONTEMPT
No. 2:15-cv-01330-RSL - Page 8



1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888


# CERTIFICATE OF SERVICE

I hereby certify that on this date, I placed in the U.S. Mail, postage prepaid, a copy of the foregoing document addressed to the following:

Troy Stafford
9439 E. Trailside View
Scottsdale, AZ 85255

Troy Stafford
15560 N. Frank Lloyd Wright Blvd.
Suite B4-299
Scottsdale, AZ  85260

I also emailed the foregoing document to the following email addresses:

tstafford4@icloud.com

troy@gscapital.us

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED:  November 6, at Seattle, Washington.

*/s/ Vassie Skoulis*
Vassie Skoulis, Legal Assistant

PLAINTIFF'S MOTION TO ISSUE ARREST
ORDER FOR CRIMINAL CONTEMPT
No. 2:15-cv-01330-RSL - Page 9



Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

735.01 ui180902 11/6/20