UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL O'BEIRNE,

           **Plaintiff,**

   v.

TROY STAFFORD,

           **Defendant.**

No. 2:15-cv-01330-RSL

**ORDER TO SHOW CAUSE**

This matter comes before the Court on "Plaintiff's Motion to Issue Arrest Order for Criminal Contempt." Dkt. # 64. Having reviewed the papers submitted by the parties, including the December 3, 2020, letter from Assistant Federal Public Defender Vanessa Pai-Thompson, the Court finds as follows:

In December 2016, the Court entered judgment in favor of plaintiff Paul O'Beirne against defendant Troy Stafford in the amount of $1,932,500. Dkt. # 42 and # 43. Defendant has not paid any part of the judgment and has refused to respond to discovery requests in aid of execution of judgment.

In September 2018, defendant was located by a private investigator hired by plaintiff and personally served with a deposition subpoena for October 23, 2018. Dkt. # 50 at 24. Defendant acknowledged receipt but failed to appear. Dkt. # 50 at 34-43. On December 20, 2018, plaintiff filed a motion to compel. Dkt. # 49. On January 28, 2019, the Court granted the unopposed motion and ordered Stafford to contact plaintiff's attorney,

ORDER TO SHOW CAUSE - Page 1

before February 11, 2019, to schedule a time to appear for his deposition and produce the requested documents, with the deposition to occur on or before March 1, 2019.  Dkt. # 53. Defendant was warned that failure to comply may result in "a finding of contempt of Court against him, and may subject him to severe sanctions, up to and including arrest." *Id*. at 1-2.

Defendant was served with the Order at his address of record on file with the Court, and it was also sent to his last known physical address and his last known email. He did not contact plaintiff's attorney or appear for a deposition as ordered. On August 9, 2019, plaintiff moved for an order to show cause requesting the Court to hold defendant in civil contempt. Dkt. # 57. The Court set a show cause hearing for November 1, 2019. Dkt. # 59. When defendant failed to appear for the November 1, 2019, hearing, the Court found defendant to be in civil contempt and issued a civil contempt arrest warrant. Dkt. # 61 and # 62.

The civil contempt arrest warrant was returned unexecuted by the United States Marshal's Service for the District of Arizona based on its belief that it was not permitted to serve the civil warrant outside of this judicial district. Dkt. # 63. Defendant has not appeared in this Court or otherwise purged his contempt. Plaintiff now seeks a finding that defendant is in criminal contempt of Court, the issuance of a criminal arrest order, and the appointment of a prosecutor to prosecute the contempt charge.

Section 401 of Title 18 of the Unites States Code provides in relevant part that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as… (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." In order to establish criminal contempt under 18 U.S.C. § 401(3), the Court must find beyond a reasonable doubt that (1) the Court entered a lawful order of reasonable specificity; (2) the accused violated the order; and (3) the violation was willful. *United States v. Turner*, 812 F.2d 1552, 1563 (11th Cir 1987). "Willfulness in this context means a deliberate or intended violation,

ORDER TO SHOW CAUSE - Page 2

as distinguished from an accidental, inadvertent, or negligent violation of the order."

*Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 782 (9th Cir. 1983).

The Court finds that its Order compelling defendant to appear for his deposition no later than March 1, 2019 (Dkt. # 53) and its Order for defendant to appear on November 1, 2019, to show cause why he should not be held in contempt (Dkt. # 59) were lawful orders of reasonable specificity and that defendant violated these Orders. While the facts in the record strongly suggest that defendant's conduct was willful – the orders he ignored were clear, they were served at physical and electronic addresses which he is known to use, and his current submission suggests that his frustration with plaintiff and plaintiff's counsel has misled him into recalcitrance – the Court would like to hear from Mr. Stafford before determining whether to hold him in criminal contempt.

In response to plaintiff's motion, defendant asserted that he had no idea that he had been held in contempt of Court and that he stands ready and willing to sit for his deposition at any time. Dkt. # 65. Subsequently, however, defendant indicated that he was not prepared to produce the previously subpoenaed documents until February 15, 2021, or to appear for deposition before late March. Dkt. # 67. While the Court appreciates defendant's desire to obtain counsel in response to the threat of criminal charges, the time in which to obtain counsel and participate in the underlying civil matter has long since passed.

At defendant's request, he will be given "an opportunity to comply with the Court's [prior orders] virtually before the Court initiates a prosecution for criminal contempt." Dkt. # 67 at 3. His full and timely cooperation with post-judgment proceedings at this point will, if nothing else, suggest that his prior failures may not have been willful. A failure to participate in good faith would suggest the opposite.

//

ORDER TO SHOW CAUSE - Page 3

For all of the foregoing reasons, the Court hereby ORDERS that:

1. Defendant Troy Stafford shall, on or before January 11, 2021, produce all documents that were subpoenaed in 2018. Dkt. # 50 at 21-23 (copy of subpoena). All objections to the requests for production have been waived.

2. Defendant Troy Stafford shall, on or before February 15, 2021, appear on a mutually agreeable date at a mutually agreeable time before a licensed court reporter who will place him under oath and transcribe his deposition testimony. The deposition will be conducted remotely by video. Mr. Stafford shall answer all questions asked of him unless he is represented by counsel who asserts the attorney-client privilege and instructs him not to answer. Any other objection may be stated on the record, but a full and complete response to the question must nevertheless be given.

3. The parties shall appear before the undersigned for a video hearing on March 18, 2021, at 9:00 a.m. where defendant Troy Stafford will have an opportunity to show that his failure to comply with the Court's prior orders was not willful and that a criminal contempt order should not issue.

DATED this 14th day of December, 2020.

*Mr S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - Page 4